### PIKE v. CHICAGO & A. R. Co.

*(Circuit Court, E. D. Missouri, E. D. September 27, 1889.)*

1. INJURIES ON RAILROAD TRACKS—PLEADING.
   One who is injured a half mile distant from a crossing cannot assign the violation of Rev. St. Mo. § 806, requiring the ringing of bells and sounding of whistles at railroad crossings, as the proximate cause of his injury.

2. SAME.
   An allegation that the train was running at a dangerous rate of speed, without showing the relation which that fact sustained to plaintiff's injury, states no cause of action.

3. SAME.
   But where the petition further alleges that it was plaintiff's duty as watchman to pass over a certain bridge; that it was the duty of all engineers in charge of locomotives to give timely warning of their approach to him by sounding the whistle and ringing the bell; but that on the occasion of the injury the engineer negligently failed to do his duty, whereby plaintiff was injured,—it is good on general demurrer.

At Law. On demurrer to petition.

Action by John Pike, a watchman on one of defendant's bridges, against the Chicago & Alton Railroad Company, for injuries sustained on such bridge from a passing train. About one-half mile west of this bridge is a public railroad crossing, and the petition charges that the engineer of the train which caused the injury failed to sound the whistle or ring the bell as it approached the crossing, and that the train was running at a dangerous rate of speed.

*D. P. Dyer*, for plaintiff.

*R. H. Kern*, for defendant.

THAYER, J. The supreme court of the state has held that section 806 of the Revised Statutes of Missouri, concerning the ringing of bells and sounding of whistles at railroad crossings, was intended "for the benefit of persons at the road crossing or approaching it;" and that construction of the local law is, of course, binding on us. It results from that view that the plaintiff, who was not hurt at the crossing, but was injured at

a bridge a half mile east of the crossing, cannot assign the violation of the statutory duty—consisting of not sounding the whistle or ringing the bell at the crossing—as the proximate cause of the injury which he sustained. The statute was not enacted for his benefit. *Bell* v. *Railroad Co.*, 72 Mo. 58; *Evans* v. *Railroad Co.*, 62 Mo. 57, 58; *Rohback* v. *Railroad Co.*, 43 Mo. 187.

It is also true that the petition in the present case shows no necessary relation between the rate of speed at which the train was running and the injury which plaintiff sustained. The rate of speed may have been dangerous, considering the condition of the track, or for many other reasons, but the relation of cause and effect between a high rate of speed and plaintiff's hurt is not satisfactorily shown by the complaint.

Conceding both of these propositions, we still think the complaint will stand the test of a general demurrer, which is all that has been filed. The plaintiff avers that he was employed as watchman on a bridge, and that it was his duty to pass over the bridge, from time to time, to inspect it; that it was the duty of all engineers in charge of locomotives to give timely warning to the watchman at said bridge of their approach, by sounding the whistle and ringing the bell; but that, on the occasion in question, the engineer of the train which occasioned the injury negligently failed to sound the whistle and ring the bell, as it was his duty to do, and, in consequence of such neglect, plaintiff was hurt. The complaint thus shows very clearly a violation of the common-law duty alleged, and an injury resulting from such neglect. On this ground we hold the petition good, and overrule the demurrer.