### THE GEORGIA RAILROAD & BANKING COMPANY v. BURKE.

The failure of the employees of a railroad company to check the speed of a train and to blow the whistle in approaching a crossing will not render the company liable for damages in consequence of the killing of a colt, when the colt was not on the railroad track at the time of such failure but subsequently attempted to cross the track at a point three hundred yards below the crossing and in so doing ran against the engine and was thus killed by its own act.                                    *Judgment reversed.*

January 27, 1894.

Action for damages. Before Judge RONEY. Taliaferro superior court. February term, 1893.

Burke sued the railroad company for the killing of his colt, and obtained a verdict. It appeared from the testimony in his behalf, that when the colt was killed the train (a service-train) had passed a public crossing about 300 yards; that the whistle was not blown nor the bell rung at the crossing nor before reaching it, and the speed of the tain, if changed at all, was increased after it left the crossing; and that as it came the colt tried to cross the track, and engine and colt about came together—"got there about the same time." The engineer testified, that the colt attempted to cross the track, ran against the engine and was killed by the lick. He did not see the colt until it was in collision with his engine; he was attending to his duties, and sat on the side of the engine from which the colt approached. The track in front of him was perfectly clear; the colt was not on any crossing and not on the track, but ran against the front of the engine near the pilot, as the engine was entering a cut. In running an engine and looking ahead one could see 30 or 40 feet on either side of the track. He did not see the colt until it was against the engine. The fireman was in his proper place on the opposite side of the engine. Defendant's counsel submitted to the court that the fireman was present and at the service of the plaintiff, if he desired to use him as a witness.

A motion for new trial on the general grounds, among others, was overruled, and defendant excepted.

J. B. CUMMING and M. P. REESE, for plaintiff in error. H. M. HOLDEN, contra.