JOHN D. KILPATRICK ET AL. V. ANDREW J. RICHARDSON, JR.

FILED MAY 2, 1894. No. 4683.

1. **Negligence**: EVIDENCE. A verdict for negligence may be supported by inference, but the inference must be the logical, probable, and reasonable deduction from proved or conceded facts.

2. **Personal Injuries : EXPLOSIVES.** *Kilpatrick v. Richardson,* **37** Neb., 731, adhered to.

REHEARING of case reported in 37 Neb., 731.

*Harwood, Ames & Kelly* and *Alfred Hazlett,* for plaintiffs in error, cited: *Fairbanks v. Kerr,* 70 Pa. St., 86; *Pennsylvania R. Co. v. Kerr,* 62 Pa. St., 353; *Fleming v. Beck,* 48 Pa. St., 313; *Huff v. Ames,* 16 Neb., 139; *Hargreaves v. Deacon,* 25 Mich., 1; *Brown v. European & N. A. R. Co.,* 58 Me., 384; *Gillespie v. McGowan,* 100 Pa. St., 144; *Baltimore & O. R. Co. v. Schwindling,* 101 Pa. St., 258; *Wright v. Malden & M. R. Co.,* 4 Allen [Mass.], 283; *Stevens v. Oswego & S. R. Co.,* 18 N. Y., 422; *Cooper v. Waldron,* 50 Me., 80; *Hall v. First Nat. Bank of Fairfield,* 30 Neb., 99; *Fisher v. Thirkell,* 21 Mich., 1.

*Brome & Jones* and *B. T. White, contra,* cited: *Stokes v. Sallonstall,* 13 Pet. [U. S.], 181; *Louisville, N. A. & C. R. Co. v. Jones,* 108 Ind., 555; *Stoher v. St. Louis, I. M. & S. R. Co.,* 91 Mo., 509; *Great Western R. Co. of Canada v. Braid,* 1 Moore, n. s. [Eng.], 101; *Marshall v. Widdicomb Furniture Co.,* 67 Mich., 167; *Harriman v. Pittsburgh, C. & St. L. R. Co.,* 45 O. St., 28; *Lynch v. Nurdin,* 1 Q. B. [Eng.], 29; *Illidge v. Goodwin,* 5 Car. & P. [Eng.], 182; *Clark v. Chambers,* 3 Q. B. Div. [Eng.], 327; *Lane v. Atlantic Works,* 111 Mass., 136; *Powers v. Harlow,* 53 Mich., 507.

RAGAN, C.

This is a rehearing of *Kilpatrick v. Richardson,* 37 Neb., 731. A careful re-examination of this case leads us to the same conclusion reached on the former hearing. The undisputed evidence in the record shows, and counsel for the defendant in error concede, that the exploder by which the boy was injured was not found in the tunnel where such exploders were used for blasting; and that the ex-

ploder was not found in nor taken by the boy from the magazine used for storing the exploders during the progress of building the tunnel. There is no evidence that any exploders were seen in the tunnel after the completion of the work and before this accident, and the undisputed evidence is that the unfortunate boy was injured after the plaintiffs in error had completed the tunnel and abandoned the premises, and was injured by an exploder which he picked up in a shanty occupied by some of the employes of the plaintiffs in error who worked in and about the construction of the tunnel. The verdict of the jury in this case found the plaintiffs in error guilty of negligence. For that verdict to stand it must have for support competent positive evidence that the injury was caused through the negligence of the plaintiffs in error, or such negligence must be fairly and reasonably inferable from proved or conceded facts in evidence. Had the exploder which injured this boy been found in the tunnel, we think the jury would have had the right to infer that it was left there by the men employed in blasting in the tunnel, and that such leaving it there was negligence on the part of the plaintiffs in error; but we do not think that, under the evidence in this case, because the boy found the exploder which injured him in a shanty occupied by some of the employes of the plaintiffs in error, the jury had the right to infer that the presence of the exploder where found was attributable to the negligence of the plaintiffs in error. This was a mere conjecture, not an inference. A verdict for negligence may be supported by inference, but such inference must be the legal, probable, and reasonable deductions from proved or conceded facts. The judgment must stand

REVERSED.