KEARNEY CANAL & WATER SUPPLY COMPANY v. OLAFF AKEYSON.

FILED JUNE 22, 1895.    No. 6220.

1. **Waters:** CANAL EMBANKMENTS: NEGLIGENCE: DAMAGES: EVIDENCE. A farmer sued a canal company for damages for the destruction of his crops, alleging that the canal company had failed to properly keep and maintain its canal embankments in good repair, by reason of which a large quantity of water ran over the banks of said canal on the farmer's crops. The evidence showed that the farmer's lands had never been overflowed prior to the construction of the canal; that after its construction his lands were overflowed in 1888, 1889, 1890, and 1891; that a

part of the embankment of the canal was washed away; that in the year 1891 farmers in the vicinity "cultivated the canal embankments, which lowered them so that the water would flow over more readily." *Held*, That the jury was justified in inferring from this evidence that the canal company had been guilty of negligence in the manner of maintaining the embankments of its canal.

2. **Negligence**: EVIDENCE. A verdict for negligence may be supported by inference when the inference *is* the logical, probable, and reasonable deduction from proved or conceded facts. (*Kilpatrick v. Richardson*, 40 Neb., 478.)

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

*Marston & Nevius*, for plaintiff in error.

*Greene & Hostetler, contra.*

RAGAN, C.

Olaff Akeyson brought this suit in the district court of Buffalo county against the Kearney Canal & Water Supply Company (hereinafter called the "Canal Company"). The Canal Company is a corporation organized under the laws of the state, and had constructed, owns, and at the time of the occurrence of the events of which this suit arose was operating, a canal from the Platte river to the city of Kearney. The canal tapped the Platte river some twelve miles west and southwest of the city of Kearney, and thence passed along in a northeasterly direction, leaving the lands of Akeyson about one and one-half miles south of the canal. The action of Akeyson was to recover damages which he alleged he had sustained by waters overflowing from this canal, running on his land, and destroying his crops. He had a verdict and judgment and the Canal Company has prosecuted to this court a petition in error.

1. The first assignment of error is that the verdict of the jury is not supported by sufficient evidence. We think

it is. The evidence is practically undisputed that the waters overflowed from this canal and damaged Akeyson's crops. But it is argued that the evidence fails to show this resulted from the *negligence of the Canal Company. The record does not show just how the canal was constructed nor how it was operated; but it does show that west of Akeyson's farm the canal crossed a little stream called Beaver creek, and was constructed across the entire water-shed of Beaver creek; that Akeyson's land lies in this water-shed of Beaver creek, and that the canal was constructed of sufficient capacity to carry away one-third of the surface water resulting from rains and melting snows on this Beaver creek water-shed; and it is inferable at least from the evidence that the entire water-shed of Beaver creek slopes to the south and east towards the Platte river. The negligence charged by Akeyson to the Canal Company was that it had failed to carefully keep and maintain its canal and embankments in good repair and condition, and by reason of the insufficiency of the embankments, large quantities of water ran through and over said banks, and was carried down and discharged in a volume on Akeyson's lands. The evidence is practically undisputed that prior to the construction of this canal these lands of Akeyson's had never been overflowed, but that after the construction of the canal they overflowed in 1888, 1889, 1890, and 1891; and the witnesses for the Canal Company themselves testified that a part of the embankment of the canal was washed away; that there never had been but one or two breaks in the canal; that in the year 1891 the farmers cultivated the embankments, which lowered them so that the water would flow over more readily. Now from this testimony we think the jury was entirely justified in inferring that the Canal Company had been guilty of negligence in the manner of maintaining the embankments of its canal. A verdict for negligence may be supported by inference, but the inference must be the logical, probable, and rea-

sonable deduction from proved or conceded facts. (*Kilpatrick v. Richardson*, 40 Neb., 478.)

2. The second and third assignments of error argued relate to the action of the district court in admitting and rejecting evidence on the trial. We cannot review these assignments, for the reason that they are too indefinite. The assignments are: "The court erred in admitting improper evidence to go to the jury on behalf of the plaintiff;" and, "The court erred in excluding from the jury proper and competent evidence on behalf of the defendant."

3. The fourth assignment is that the court erred in giving to the jury an instruction in the following language: "The defendant could not be held responsible for any damage caused by the cutting of the embankment of the canal, until a reasonable time had elapsed in which to repair the same, after no ice of such cut; neither could it be held liable for overflows caused by unprecedented heavy rainfalls or any other unforeseen causes which could not be provided against by the exercise of a reasonable degree of care and caution." The criticism on this instruction is the use of the word "unprecedented." It is said that this really means such a rainfall as was never known before,— a rainfall without precedent. We think the instruction would have been better had the court used the word "extraordinary" or "unusual" instead of "unprecedented;" but the Canal Company was not prejudiced by the use of this word by the court, for in the sixth instruction given to the jury at the request of the Canal Company the court told the jury that if the overflow complained of was caused by unusual floods or from ice gorges which could not be prevented by the defendant in the exercise of ordinary care, it was not liable for any damages that resulted from such overflow.

4. The fifth assignment is that the court erred in refusing to give the jury the following instructions :

(1.) "If the canal was made and maintained of sufficient capacity to carry all the water it took from the Platte river and the overflow, if any has been proved, was caused by the natural rainfall in the water-shed and basin of Beaver creek, then the defendant would not be liable for damages caused by such overflow.

(2.) "If you believe from the evidence that the land of the plaintiff is located on Beaver creek, and that all the surplus natural rainfall on the water-shed and basin of said Beaver creek would be carried by said creek over and through the land of the plaintiff, as its natural and only course, and if you further believe from the evidence that the canal was of sufficient capacity to and did carry all the water it received from the Platte river, then you are instructed that if the volume of water in the canal was increased only by the natural rainfall on the water-shed of Beaver creek and therefore overflowed the banks of the canal anywhere within the water-shed drained by said creek, and then flowed over the land of plaintiff, the defendant would not be liable for damage caused by such overflow."

The court did not err in refusing to give the first of the two instructions complained of for this reason at least, there is no evidence in the record that the waters which destroyed Akeyson's crops were surface waters which accumulated on the water-shed or basin of Beaver creek ; or, if it may be said that there is some evidence on that subject, it is not of such a character as enables us to say that the district court erred to the prejudice of the Canal Company in refusing to give the instruction.

The court did not err in refusing to give the second instruction of the two under consideration because there was no evidence in the record on which to base such an instruction. The evidence in this record does not show that the waters which damaged Akeyson's crop overflowed the embankment of the canal as the result of surface waters from

the water-shed and basin of Beaver creek flowing into the canal. The evidence, it is true, shows that such a thing might happen, that it could happen; but that it did happen is a mere conjecture. But if it appeared from the evidence that the waters which flowed from the banks of the canal and damaged Akeyson's crops were surface waters from the basin of Beaver creek which the canal embankment had stopped and accumulated in the canal, then of a certainty the instruction should not have been given, for that would show that the Canal Company, by building the embankment of the height and in the manner it did, had collected together the surface waters from the basin of Beaver creek, and thereupon discharged them in a body on Akeyson's land, and this would have rendered the Canal Company liable for the damages. (*Lincoln Street R. Co. v. Adams*, 41 Neb., 737.)

There is no error in the record, and the judgment of the district court is

AFFIRMED.