GRAND ISLAND & WYOMING CENTRAL RAILROAD COM-
PANY V. PRICE B. PHIPPS.

FILED MAY 19, 1896.   No. 6569.

Railroad Companies: INJURY TO HORSE: RECOVERY BY PLAINTIFF:
    EVIDENCE.  The evidence in this case examined, and *held* not to
    sustain the verdict.

ERROR from the district court of Grant county.   Tried
below before HARRISON, J.

*A. W. Agee* and *J. W. Deweese,* for plaintiff in error.

*W. B. Mathews* and *H. M. Sullivan, contra.*

RYAN, C.

In the district court of Grant county the defendant in
error recovered a judgment against plaintiff in error in
the sum of $150, the value of a horse fatally injured by a
locomotive owned by plaintiff in error and operated by
its employes.   There is argued but one question, and
that is as to the sufficiency of the evidence to sustain the
verdict.   The injury was inflicted at the intersection of a
street in the village of Hyannis with the railroad line of
the plaintiff in error.  The evidence adduced by the de-
fendant in error was that between 9 and 10 o'clock in
the forenoon the train of plaintiff in error ran into the
village of Hyannis at a speed of eighteen or twenty miles
an hour without whistling for a crossing and without
a bell being rung; that a horse of defendant in error
which was tied to a stake on the prairie south of the rail-
road line pulled up the stake and ran eastward to a street,
thence, thereon, turned and ran northward at full speed
until it reached the planked railroad crossing, when it
turned somewhat toward the west, facing the incoming
train, which came alongside the horse, which suddenly,
thereupon, turned its head toward the east and jumped

across the pilot of the engine, by which one of its hind legs was broken and the horse by this injury was rendered worthless. The engine in question was pulling a freight train. According to the testimony adduced by the defendant in error, the crossing was a short distance east of the depot platform, both the platform and the depot building being on the north side of the railroad track. Along the west side of the street over which the horse reached the railroad track there were houses so situated that the engineer in charge of the engine could not see the swiftly approaching horse until about the time the engine reached the west end of the depot platform, which was six to eight rods westward from the aforesaid railroad crossing. It was testified by the engineer on behalf of the railroad company that immediately upon seeing the horse he made the best use possible of the air brakes to stop the train before it should reach the crossing and had reduced the speed to ten miles per hour when the horse was struck. The witnesses for the defendant in error, who were looking at the engine at this time, testified that there was noted by them no decrease in the rate of speed. Ordinarily, this statement, in view of the verdict of the jury, should be accepted as true; but this assumption involves us in another difficulty, and that is to reconcile this fact with another fact apparently conceded on all sides, and that is, that the horse turned westward from the crossing so as to allow the forepart of the engine to come alongside, and was then able to turn so as to face about and jump over the pilot of the engine moving at the rate of eighteen to twenty miles per hour.

The negligence charged in the petition was made up of different elements, the first of which was the alleged faulty construction of the railroad with such embankments on each side of the crossing that the horse by being hemmed in was prevented from escaping from the engine. There was no proof to support this; indeed, the evidence, as above indicated, was that the horse was able

to and actually did leave the side of the highway crossing. It was furthermore charged that the engine was run at a reckless rate of speed through the village of Hyannis and that this amounted to such negligence as rendered the company liable for the damage caused by injuring the horse. There was no showing that the rate of speed when the accident happened was reckless. It was shown that the horse was struck by the train moving at the rate at which this was moving, and from this the deduction claimed reasonably to follow is that the collision would have been avoided if the train had been moving at a slower rate. This is, as a matter of fact, probably correct, and equally so is the assumption that if the train had been moving with much greater velocity the crossing would have been cleared before the horse reached it. It was said in the majority opinion in this court in *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb., 642, that the inference of negligence against a railroad company must be a reasonable inference, and in *Kilpatrick v. Richardson*, 40 Neb., 478, and in *Kearney Canal & Water Supply Co. v. Akeyson*, 45 Neb., 635, it was held that a verdict for negligence may be supported by inference when such inference is the logical, probable, and reasonable deduction from proved or conceded facts. It does not seem quite logical or reasonable to assume that the engineer in charge of this train should necessarily have moved it faster or slower than he did to free himself from the imputation of negligence simply because by reason of such accelerated or retarded speed an uncontrolled horse would probably have been able to cross the track uninjured by the train. This would require the question of negligence to be considered as a mere conjecture, and not a question of fact to be established by proof. Another ground for charging negligence was that there was no bell rung within the village of Hyannis, neither had there been a whistle sounded within sixty rods of the station. Under the provisions of section 104, chapter 16, Compiled Statutes, the liability of a railroad

company by reason of failure to ring a bell or sound a whistle is restricted to "all damages which shall be sustained to any person by reason of negligence." As has already been stated, the liability of a railroad company for negligence may be predicated upon an inference, but that inference must be logical and probable from proved or conceded facts. The assumption that this horse would not have attempted to cross this railroad track as it did, if, within sixty rods of the station, a whistle had been sounded, or while the train was within the village if a bell had been kept ringing, is neither logical nor probable. These were all the grounds of negligence alleged in the petition and in support of neither was there, in our opinion, sufficient evidence to justify a finding that any of the railroad company's employes by his negligence caused or was accountable for the accident. The judgment of the district court is therefore

REVERSED.

HARRISON, J., not sitting.