### S. BLANKENSHIP v. GALVESTON, HOUSTON & SAN ANTONIO RAILWAY CO.

Delivered December 2, 1896.

**1. Contributory Negligence—Pleading—Demurrer.**

Where, in an action for damages for negligent injury, the legal effect of the facts stated in plaintiff's petition is such as to establish prima facie negligence on his own part, as matter of law, he must plead such other facts as will rebut such legal presumption, or the petition will be held insufficient because of the contributory negligence so shown.

**2. Negligence—Railways—Failure to Give Statutory Signals at Public Crossing.**

The statute requiring railway trains to give signals when approaching a public crossing is intended for persons who may be about to go upon the crossing in the exercise of their rights, and can not be invoked by a trespasser on the track who is injured by a train near the crossing.

**3. Same—Fact Case—Sleeping on Track.**

One who, being "footsore, weary, sick, weak and exhausted," goes upon a railway track (a trestle bridge), and there lies down and is "inadvertently overcome by sleep," and killed by a passing train, is guilty of contributory negligence such as will preclude a recovery for his death.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*C. C. Everett*, for appellant.—1. Article 4232, Sayles' Rev. Stats., requires the whistle of each locomotive engine to be blown or the bell to be rung at the distance of eighty rods before crossing a public road, and the bell to be kept ringing until the public road has been crossed; and the corporation operating such railroad shall be liable for all damages which may be sustained by any person by reason of any such neglect. The Legislature has not limited the right of action to any particular class, for instance, persons on the crossing, but uses the very broadest terms it could employ. The Legislature having made no exceptions, the courts can make none without usurping legislative functions. The plaintiff's petition makes out a case, as we believe, within this statute, unless the court believes, as some courts, particularly in other States, have held, that the Legislature said one thing and meant a totally different thing.

2.  It is the duty of a railroad company to keep a lookout ahead, more especially in places on its track much frequented.  The diligence required of the railroad in performing this duty increases as the risk of injury increases.  Failure to perform this duty is negligence.  Railway v. Sympkins, 54 Texas, 615; Hughes v. Railway, 67 Texas, 595, 4 S. W. Rep., 220; Railway v. Hewitt, 67 Texas, 473; Railway v. O'Donnell, 58 Texas, 42; Railway v. Lowery, 61 Texas, 149; Railway v. Vaughn, 23 S. W. Rep., 745; note, 1 S. W. Rep., 777.

3.  Although negligence upon the part of the plaintiff may have contributed to his injury, the railway will nevertheless be liable if its servants could, by the exercise of ordinary care, have avoided the injury.  This is the rule deduced from all the authorities by Patterson, in his Railway Accident Law, sec. 55, p. 51; and the correct rule is stated equally strong by Wharton on Negligence, sec. 388.

4.  As a necessary and logical corollary of the second and third propositions it is submitted, that a railroad being bound to, exercise ordinary or reasonable care, at least, to discover persons on its track in places which it knows are much frequented and there is much risk of injury, that it is negligence to not use such care, and that contributory negligence in such case is not a good defense, at least in bar of the action.  It is a contradiction in terms to say, that although the railroad is bound to exercise ordinary care to discover persons on the track, in other words to keep a lookout, liability will not attach unless such person is actually discovered by the railroad in time to prevent injury.  There is an irrepressible conflict between the two positions.  If the latter position is law, the reasons and principles enunciated in Railway v. Sympkins, Railway v. Crosnoe, and Railway v. Wadkins, supra, might as well be abolished, and it boldly declared that a railroad is under no liability whatsoever for injury inflicted by failure to keep a lookout and can "go it blind."

*Baker, Botts, Baker & Lovett* and *Peareson & McEachin,* for appellee.—1.  Contributory negligence, strictly speaking, on the part of one killed in an accident, is in legal contemplation a complete defense to an action brought by the representatives of deceased for damages sustained by them by reason of his death, at least unless he was wantonly or willfully killed, or killed under such circumstances and conditions as to evidence a total disregard for human life.  Kuehn v. Railway, 32 S. W. Rep., 88; Railway v. Jazo, 25 S. W. Rep., 714; Rozwadosfskie v. Railway, 1 Texas Civ. App., 493, 494; Railway v. Sympkins, 54 Texas, 623; Railway v. Ryan, 80 Texas, 59; Railway v. Evans, 71 Texas, 369; Railway v. Chambers, 73 Texas, 300; Railway v. Porter, 73 Texas, 307; 2 Sherman & Redfield, Neg., 4 ed., sec. 480; Beach on Cont. Neg., 35, 36, 37, 390, 391; Railway v. Watkins, 29 S. W. Rep., 234; Sanchez v. Railway, 30 S. W. Rep., 431; Railway v. Herrin, 6 Texas Civ. App., 722; Railway v. Zackery, 27 S. W. Rep., 221.

2.  Where the undisputed evidence adduced on the trial establishes

prima facie, as a matter of law, contributory negligence on the part of the plaintiff, then the burden of proof is upon him to show such facts from which the jury upon the whole case may find him free from negligence. Otherwise, the court should instruct a verdict for the defendant, there being no issue of fact for the jury. Railway v. Shieder, 30 S. W. Rep., 904, 905; Sanchez v. Railway, 30 S. W. Rep., 431; Kuehn v. Railway, 32 S. W. Rep., 88; Railway v. Ryan, 80 Texas, 61; Railway v. Foreman, 73 Texas, 314; Railway v. Porter, 73 Texas, 306; Railway v. Faber, 77 Texas, 155; Railway v. Spicker, 61 Texas, 429; Whart., Negligence, 426; 1 Sherm. & Red., Negligence, secs. 106, 114; Donaldson v. Railway, 21 Minn., 297.

3. In the absence of any allegation in plaintiff's petition of any wanton or willful conduct on the part of the defendant, or conduct which indicates that degree of indifference to the rights of others which may be characterized as recklessness of human life, an allegation in the petition that at the time the plaintiff was injured, or plaintiff's intestate killed, he was lying asleep on defendant railway company's track—in the absence of an allegation that he was physically incapacitated from removing himself from such track—raises such a presumption of contributory negligence on the part of the plaintiff, or on the part of the plaintiff's intestate, as will bar a recovery from the defendant, and such petition is bad on general demurrer. Railway v. Shieder, 88 Texas, 173; Kuehn v. Railway, 32 S. W. Rep., 88; Railway v. Sympkins, 54 Texas, 622; Beach, Cont. Negligence, sec. 66; 2 Shearman & Red., Negligence, 4 ed., sec. 480; Yarnell v. Railway, 75 Mo., 585; O'Keefe v. Railway, 32 Ia., 469; Denman v. Railway, 4 N. W. Rep., 605; Button v. Railway, 18 N. Y., 259; Railway v. Lee, 34 S. W. Rep., 160.

4. The omission of a railroad company to give signals, which by statute it is required to give at a public crossing, is demurrable in a petition which alleges that the deceased was killed by being struck by the defendant railroad company's engine between two crossings, and not upon a crossing, since the non-performance of such statutory duty to give a signal when approaching a crossing is negligence, as a matter of law, only when injury results therefrom to persons endeavoring or intending to cross the track upon a highway or street. O'Donnell v. Railway, 6 R. I., 211; Railway v. Gravitt, 20 S. E. Rep., 557; Railway v. Riordan, 22 S. W. Rep., 519; Williams v. Railway, 26 N. E. Rep., 611, 135 Ill., 591; Railway v. Eininger, 114 Ill., 79; Bell v. Railway, 76 Mo., 50; Holmes v. Railway, 37 Ga., 593; Maney v. Railway, 49 Ill. App., 105; Beach on Cont. Neg., sec. 71, p. 218; Gaynor v. Railway, 100 Mass., 208; Railway v. Houston, 95 U. S., 697; Railway v. Spearen, 47 Pa. St. Rep., 300; Railway v. Collins, 87 Pa. St. Rep., 405; Morrissey v. Railway, 126 Mass., 377; Meeks v. Railway, 56 Cal., 513.

NEILL, ASSOCIATE JUSTICE.—This action was brought by appellant against the appellee to recover damages for the death of his son John,

which was caused by one of appellee's trains running over him while he was asleep upon its railroad track. A general demurrer was sustained to appellant's petition, and he having declined to amend, judgment was rendered against him.

The allegations in the petition show that appellee's road runs through Fort Bend County, crossing Oyster Creek on a trestle about one hundred feet long; that young Blankenship, a boy about nineteen years old, while lying on the trestle was run over and killed by appellee's west bound passenger train; that for over a mile east of the trestle the railroad track is perfectly straight, and persons or objects on the trestle could be easily discovered by appellee's servants operating its trains by the exercise of slight diligence in keeping a lookout; that the trestle was in a populous neighborhood, and was generally used by the public with appellee's knowledge and permission as a foot-way 'for crossing said creek; that one hundred yards east of the trestle another railway crossed appellee's line, and that its trains always. stopped at this crossing; that there was a public road or street crossing appellee's track one hundred yards west of the trestle, and just west of this street was Sugarland station, where all of appellee's trains stopped; that appellee was required by law to blow the whistle and ring the bell of the engine continuously for at least sixty rods east of such crossing, until it was reached. It is alleged that such duty was not performed, and that no lookout was kept by appellee's servants operating the train; that if warning of the approach of the train by whistle or bell had been given, John would have been enabled to get off the track and save his life. That under the facts and circumstances stated it was appellee's duty to keep a lookout, and that had a reasonable lookout been kept, young Blankenship's situation would have been discovered and his injury avoided.

It is further alleged that John went upon the track and trestle when "there was neither real nor apparent danger in doing so, and while upon said trestle, footsore, weary, sick, weak and exhausted, was inadvertantly overcome with sleep," in which condition he was killed by the alleged negligence of appellee. The petition clearly negatives the fact that deceased was seen on the track by appellee's servants operating the train.

The error assigned is the sustaining the general demurrer to the petition.

The wrongful act, negligence, etc., causing the death of a person, to constitute a cause of action, "must be of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." Contributory negligence being therefore a complete defense to an action for damages brought by one who survives the injuries occasioned him by the wrongful or negligent act of another, is likewise a defense to such an action instituted by a father for the death of his son.

As a general rule the burden is upon the defendant to allege and

prove such defense; but "where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of the plaintiff, as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption. The plain reason is, that by pleading facts which as a matter of law establish his contributory negligence, he has made a prima facie defense to his cause of action which will be accepted as true against him both on demurrer and as evidence on a trial, unless he pleads and proves such other facts and circumstances that the court cannot, as a matter of law, hold him guilty of contributory negligence * * *. For instance: If plaintiff's petition shows that he was injured by defendant's cars while on the track under circumstances which in law would make him a trespasser prima facie, then the law would raise a presumption of contributory negligence against him for which his petition would be bad on demurrer; and it would be necessary for him to plead some other fact or circumstance rebutting such presumption—such as that he was, after going upon the track, stricken down by some providential cause—in order to save his petition." Railway v. Shieder, 88 Texas, 163, and cases there cited.

This court has held that the statutory signal for crossings is required for the protection of members of the public lawfully on the track at its intersection or who may be about to go on it in the exercise of their right to use such crossing. Railway v. Bishop, 37 S. W. Rep., 764. And in regard to persons on the track, the Supreme Court says: "The true rule is, that it is the duty of the servants of a railroad company operating its trains to use reasonable care and caution to discover persons upon its track, and a failure to use such care and caution is negligence on the part of such company, for which it is liable in damages for an injury resulting from such negligence, unless such liability is defeated by the contributory negligence of the person injured, or of the person seeking to recover for such injury." Railway v. Watkins, 29 S. W. Rep., 233.

Let it be conceded that the employes of the company who were operating the train which killed Blankenship were guilty of negligence in failing to give the statutory signal for the crossing, and in not keeping a lookout in front of the engine, yet in order to entitle plaintiff to recover, one of two conclusions must be deducible from the allegations in the petition—either that deceased himself was not negligent in going upon the track, laying down and going to sleep upon the trestle, or that the employes saw him in time to have stopped the train and failed to do so. Railway v. Ryon, 80 Texas, 61. As has been stated, the latter conclusion is clearly negatived by the allegations. The first conclusion cannot, in our opinion, be deduced from the allegations, but, on the contrary, the legal effect of the facts stated established prima facie negligence on the part of deceased as a matter of law. It is difficult to conceive of a grosser act of negligence than that which the petition shows John Blankenship guilty of, and, however remiss the appellee's

servants may have been in their duty, the conclusion cannot be escaped that this act of negligence proximately contributed to his death. He knew he was "footsore, sick, weary, weak and exhausted" when he went upon the trestle over which the company ran its engines, and, from the very nature and use of the trestle, was charged with knowledge of his danger in being upon it. Men are not suddenly struck by sleep as with paralysis, but it gradually comes on them, giving them timely notice of its coming, so they may secure a place of safety to enjoy its repose. Men do not sleep standing, but require recumbency. The deceased only aggravated his negligence in being on the trestling by laying down to sleep upon it, and took the almost certain risk of being run over and killed, if not awakened by the approaching train or seen by its operatives. This is shown by the allegation that, "If the whistle had been blown and the bell rung, as prescribed by statute, John Blankenship would have had warning of said train's approach, and been enabled to get off the trestle and escaped injury." In other words, John was conscious of his act of going to sleep upon the trestling, and relied, as is shown by the petition, upon being warned of the danger of being run over in time to save his life.

The judgment is affirmed.                                        *Affirmed.*