Mankey v. Chicago, Milwaukee and St. Paul Ry. Co.

Comp. Laws, § 3016, provides that, whenever a railroad train approaches any crossing, a bell shall be rung or a whistle blown, and that, in case of neglect, the railroad shall be liable for damages sustained by any person by reason of such neglect. *Held*, that where a horse was in-

jured by being run into by a train between a whistling post and a crossing, and no statutory signals were given, there could be no recovery ior the injury, in the absence of evidence that such failure was the cause of the injury.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Clark county. HON. JULIAN BENNETT, Judge.

Action by Thomas Mankey against the Chicago, Milwaukee and St. Paul Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The facts are stated in the opinion.

*George R. Farmer* and *S. H. Elrod,* for appellant.

Non-compliance with the statutory requirement, however, stringent, affords no cause for action if compliance therewith would not have prevented the injury. Phila, & R. Co. v. Stubbing, 62 Md. 504; Hayes v. Mc. R. Co., 111 U. S. 228-240; India R. Co. v. Blackman, 63, 111, 117; Chic. & R. Co. v. McDaniels, 63, 11, 122; Pike v. Chic. & A. R. Co., 39 Fed. 758; Bell v. Ry. Co., 72 Mo. 58; Evans v. Ry. Co., 62 Mo. 57; Harty v. C. R. R. Co., 42 N. Y. 469; Grand Island W. C. Ry. Co. v. Phipps, 67 N. W. 441.

*S. A. Keenan,* for respondent.

The company having acquiesed in the use of its right of way as a public highway for years, and having suffered the public to use the same as a public highway, it was required to use the same degree of care in the operation of its trains as if the road were in fact a legally established public highway. Cutler v .Great Northern Railroad Co., 67 N. W. 1046; Beach on Contributary Negligence, pages 79-80.

Failure to give the statutory signals, is relied upon by plaintiff as negligence which contributed to the accident. Comp. Laws, Sec.

3016; Palmer v. St. Paul and D. R. Co., 38 N. W. 101; St. Louis I. M. & So. Ry. Co. v. Hendricks, 53 Ark. 201; Toledo R. R. Co. v. Foster, 43 Ill. 415; Western & A. R. Co. v. Main 64 Ga. 649; Georgia R. Co. v. Williams, 74 Ga. 723; Keim v. Ry. Co. 90 Mo. 314; Texas and Nor. Co. v. Ludtke, 23 S. W. 82.

CORSON, J.   This was an action brought by the plaintiff to recover of the defendant the value of a horse alleged to have been injured through the negligence of the defendant. The facts may be briefly summarized as follows: On November 23, 1898, the plaintiff, who lived about 100 rods easterly from the defendant's railroad, on the line extending from the city of Madison to Bristol, was the owner of a span of horses, which upon the morning of that day were turned out upon the prairie. On the following morning the plaintiff discovered one of them about 75 feet east of the railroad track, with one leg cut off and hanging only by the skin. Blood and hair were found along the ends of the ties for some distance, and it is contended that there was evidence from which the jury might properly find, as it did, that the injury was caused by a passenger train of the defendant running from Madison northerly to Bristol, and passing plaintiff's place between 8 and 9 in the evening. The injury to the horse was such as to necessitate its being killed. The presumption of negligence arising from the injury to the horse was overcome by the defendant by proof that the train was in good order, and properly equipped, and that neither the engineer, fireman, nor any other person connected with the service saw the horse prior to its injury, and they had no knowledge that it had been injured until the train returned on the following morning. To rebut this evidence, the plaintiff proved that the place where the horse was found so injured was about 750 feet south of the second highway crossing

north of Garden City, and gave evidence tending to prove that no whistle was sounded at the whistling post for that crossing, or between the same and the crossing. At the close of all the evidence the defendant moved the court to direct a verdict in its favor on the ground that there was no evidence tending to show negligence on the part of the defendant causing the injury, and no question of fact to be determined by the jury. This motion was denied, verdict and judgment rendered in favor of the plaintiff, and the defendant appeals.

The following questions were submitted to the jury and answers returned. (1) "Was the plaintiff's horse killed through the negligence of the defendant? Ans. Yes. (2) If your answer be 'Yes,' in what did the negligence consist? Ans. The negligence of the defendant consisted in not using proper care and diligence in the blowing of the whistle at the second crossing north of Garden City on the night of the 23d day of November, 1898."

It is contended on the part of the defendant that there was no evidence to support either of these findings. The engineer testified that there was nothing in or about the engine or pilot to indicate that it had struck any animal, and that the horse could not have been struck by the engine without his being made aware of the fact by the jar of the engine. The only evidence tending to prove that the horse was directly struck by the train was the breaking of a guard piece on the steps of the mail car, at which point were found hair and other marks of striking an animal, and the blood and hair on the ends of the ties. No one, so far as the evidence discloses, saw the accident, and it was not shown how the injury in fact occurred. It will thus be seen that, independently of the presumption of negligence, there was no proof of any negligence on the part of the defendant that directly caused the injury, or from which the jury could have reasonably inferred negligence.

It is contended on the part of the plaintiff that, there being evidence tending to prove that defendant failed to blow its whistle or ring its bell, as provided by section 3016, Comp. Laws, that omission constitutes negligence *per se,* and fully justified the special verdict of the jury, and also its general verdict. The section referred to reads as follows: "A bell at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, * * * and also be liable for all damages which shall be sustained by any person by reason of such neglect." It will be noticed that, in addition to the penalty prescribed by the section the defendant shall "be liable for all damages which shall be sustained by any person by reason of such neglect." It is not sufficient, therefore, to show that the defendant neglected to comply with the provisions of the statute, but there must be evidence tending to prove that the injury was caused by such neglect. The record in this case fails to show any evidence tending to prove that the horse was injured by reason of the neglect of the defendant to ring the bell or sound the whistle, as prescribed by the statute, or any fact from which a jury could reasonably infer that such failure caused the injury.

The decisions of the courts under similar statutes are not in entire harmony, and no useful purpose would be served by an attempt to review them; but the general rule laid down seems to be that, unless the failure to comply with the statute in some manner contributes to the injury complained of, the railroad company is not liable. In other words, there must be some connection between the

failure to comply with the statute and the injury, and this, like any other fact in the case, must be proven by evidence, or, at least, there must be evidence from which the jury may reasonably draw the inference that the neglect of duty was the cause of the injury. Railway Co., v. Stebbling, 62 Md. 504; Hayes v. Railroad Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; Railway Co. v. Blackman, 63 Ill. 117; Railway Co. v. McDaniels, 63 Ill. 122; Pike v. Railroad Co. (C. C.) 39 Fed. 754; Bell v. Railway Co., 72 Mo. 58; Evans v. Railroad Co., 62 Mo. 57; Railway Co. v. Taylor, 104 Pa. 306; Holman v. Railroad Co., 62 Mo. 562; Wallace v. Railway Co., 74 Mo. 594; Railway Co. v. Pierce, 33 Kan. 61, 5 Pac. 378; Reynolds v. Railway Co., 16 C. C. A. 435, 69 Fed. 808, 29 L. R. A. 695; Blankenship v. Railway Co., 15 Tex. Civ. App, 82, 38 S. W. 216; Railway Co. v. Parker (Tex. Civ. App.) 37 S. W. 973, 46 S. W. 280; Railroad Co. v. Burke, 93 Ga. 319, 20 S. E. 318. In Wallace v. Railway Co., supra, the supreme court of Missouri, speaking upon this subject, says: "Neither does the failure to ring the bell or sound the whistle constitute negligence *per se;* there must appear to be some necessary connection between the failure and the injury." In Holman v. Railroad Co., *supra,* it appears from the opinion that the plaintiff, to maintain the issues on his part, introduced evidence tending to show that the bell was not rung nor the whistle sounded, and the court says: "The damage must be shown to be the result of the negligence; that is, the negligence must first be shown, and this fact must be supplemented by testimony tending to show that the negligence occasioned the damage. * * * In the case at bar no such testimony was offered; but two facts were shown to fix the defendant's liabilty—the tailure to give the required signal at the crossing, and the killing. No fact was shown tending to connect the two. If the plaintiff can

recover on the evidence embodied in the bill of exceptions, it must be because it is only necessary for the jury to find the killing of the animal on the highway and the failure to ring the bell or sound the whistle, for there is no testimony from which they can find more. But this, as we have seen, is not sufficient. Upon the case made it was the duty of the court to declare, as a matter of law, that the plaintiff was not entitled to recover." So we may say in the case at bar, after a careful examination of the evidence, the only facts proven were that the horse was injured by the defendant's train, and that the defendant neglected to ring the bell or sound the whistle as provided by the statute. Clearly, therefore, there was no sufficient evidence to warrant the court in submitting the case to the jury, or the jury in fiding either the special or the general verdict. Neither the special findings nor the general verdict of the jury were based upon any evidence tending to prove that the neglect of the defendant to comply with the provisions of the statute caused the injury, or from which any inference could reasonably be drawn that such was the case. It is true that the failure on the part of the company to ring the bell or sound the whistle may in some manner have tended to cause the injury, but the finding of the jury must have necessarily been based upon pure conjecture. As this court said in the case of Harrison v. Railway Co., 6 S. D. 100, 60 N. W. 405: "There must be something more than a mere probability * * * that the killing was caused by defendant's negligence; that is, facts and circumstances must be shown sufficient to bring conviction to fair-minded men, without resorting to a mere conjecture or uncertain and inclusive inferences." Railroad Co. v. Phipps, 48 Neb. 493, 67 N. W. 441; Railway Co. v. Taylor, *supra.*

Assuming, therefore, that the failure to ring the bell or sound the whistle was proven by the preponderance of the evidence, yet,

as was said by the supreme court of Missouri, this fact, of itself, was not sufficient to show that the injury was the result of this failure. In other words, it must be shown that the damage was the result of such negligence. The judgment of the court below is reversed, and a new trial granted.