## DOUGHERTY v. CHICAGO, M. & ST. P. RAILWAY CO.

Evidence, in action for the killing by a train at a railroad crossing of a horse following a team, that the train, a special going 45 miles an hour, gave no crossing signal, as required by Rev. Civ. Code, § 538, and that, hearing no train, and seeing none, because of trees between the highway and track, the person in charge of the team drove on the track, warrants a finding that the accident was caused by the omission or failure to give the signal, making the company liable, in the absence of contributory negligence.

One hearing no train, because of omission of the crossing signal required by Rev. Civ. Code, § 538, and seeing none, because of woods between the highway and the track in the direction from which a train came, was not guilty of contributory negligence in assuming that no train was near and driving on the track.

Proof of the killing by defendant's train at a railroad crossing of plaintiff's horse is prima facie evidence of defendant's negligence, placing on it the burden of proof that it was not guilty of negligence, and the burden of proof is not shifted to plaintiff by the introduction of evidence by defendant, though it, by overcoming his prima facie case, may require him to give further evidence.

(Opinion filed, Sept. 2, 1905.)

Appeal from Circuit Court, Hutchinson County.    Hon. E. G. SMITH, Judge.

Action by James Dougherty against the Chicago, Milwaukee & St. Paul Railway Company.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

*Preston & Hannett,* for appellant.    *W. J. Hooper,* for respondent.

CORSON, P. J.    This is an appeal by the defendant from a judgment rendered in favor of the plaintiff for damages alleged to have been sustained by him by the loss of a horse killed by an engine of the defendant.    It appears from the evidence that the plain-

tiff resided on the easterly side of the defendant's railway in Hutchinson county, and was the owner of a tract of land on the westerly side thereof; that on the day the horse was killed he was used by the plaintiff, with other horses, in farming operations on the land on the west side of the track; that about 6 o'clock in the evening the plaintiff himself took one of his teams and started for Parkston, about one mile away, leading the horse killed, and that his son, a lad of about 14 years, took another team and started for home across the railroad track; that the horse killed broke away from the wagon upon which the plaintiff was riding and followed the team driven by the son across the railroad track; that at the point where the horse was killed is a public highway, and on the west side of the railroad track and for a distance of about 100 feet westerly therefrom was a thick clump of trees and bushes, which prevented one, while passing along the highway for that 100 feet, from seeing any train that might be coming from the south along the railroad; that about the hour mentioned a special freight train came along from the south, making about 45 miles an hour, but this train was not noticed by the boy until he was upon the railroad track, when, seeing the approaching train, he hastened to cross to the east side, which he succeeded in reaching, but the horse following him was struck by the engine and killed.

The case was tried to a jury, which found a general verdict in favor of the plaintiff, and also special verdicts submitted to them as follows: "(1) Within what distance could the engineer, by proper use of the appliances at his command, have stopped this train at the time and place shown by the evidence? (No answer.) (2) Was the horse killed through the negligence of the defendant? Yes; for not whistling at the proper place, nor ringing the bell. (3) If you answer 'Yes' to questions 2, state in what does the negligence consist? For not blowing the whistle in time, nor ringing the bell. (4) If you find any acts of negligence, was the injury caused by such acts of negligence? By not whistling, nor ringing the bell. (5) What could the engineer have done that he did not do, after he had knowledge that the horse was approaching the track, that would have prevented the injury? Tried to stop, which he failed to do."

It will be noticed that by the special verdict the jury found that the defendant's engineer failed to ring the bell or blow the whistle before reaching the highway. It was shown by the defendant in defense of the action that its train was properly equipped and run by competent trainmen, and it was not claimed on the part of the plaintiff that any negligence was shown on the part of the defendant, other than its failure, as found by the jury, to ring the bell or blow the whistle, as provided by section 538, Rev. Civ. Code, which reads as follows: "A bell at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect."

The appellant seeks reversal upon two grounds: (1) That the evidence given upon the trial discloses that the accident was unavoidable; (2) That the evidence upon the trial established the fact that the plaintiff directly contributed to the injury by permitting the horse to run loose and get upon the track of its own free will, and that plaintiff's son was guilty of contributory negligence in crossing the track without observing the approaching train. A motion was made at the close of all the evidence for the direction of a verdict in favor of the defendant upon the grounds above stated, which was denied. The defendant in its answer did not plead contributory negligence; but it contends that the evidence on the part of the plaintiff proves conclusively such contributory negligence, and therefore the plaintiff was not entitled to a verdict, notwithstanding the omission to plead contributory negligence of the plaintiff. Defendant also contends that, as the horse was not seen by the engineer or trainmen on defendant's train in time to enable them to stop the train or prevent the accident, the accident must be regarded as unavoidable, and the plaintiff was not, for that reason, entitled to recovery.

We are of the opinion that neither of these contentions is tenable, and that the defendant, having failed to comply with the provisions of the statute by ringing the bell or sounding the whistle continuously for 80 rods before it passed the crossing, and the jury having found that such failure was the cause of the injury, was guilty of such negligence as entitled the plaintiff to recover. The train was a special train, and, as will be noticed, was proceeding at a high rate of speed, and that, intervening between the train as it came to the crossing and the highway, there was an obstruction by reason of the timber and underbrush, preventing the boy from seeing the train until he was upon the track, and we are of the opinion that the jury were fully justified in finding that the accident was caused by the failure of the engineer to comply with the provisions of the statute, as it is reasonable to presume that, had the whistle been sounded or the bell rung, as required by the statute, the attention of the boy would have been drawn to the train, and he would have avoided crossing the track until the train had passed along. At common law, independently of the statute, it was the duty of railroad companies in approaching public crossings to exercise reasonable care and diligence to prevent injuries to travelers or property passing along the highway. Louisville R. R. Co. v. Commonwealth, 13 Bush. 388. But in this state these duties are imposed upon the railroad companies by statute, and the failure to observe the provisions of the statute constitutes such negligence as will render the railroad liable when the failure to comply with the provisions of the statute is the cause of the injury. In the absence, therefor, of a finding by the jury that the party injured was guilty of contributory negligence; the facts that the injury occurred at a public crossing, and that no warning had been given of the approaching train by the ringing of the bell or sounding of the whistle, render the company clearly liable for any injury caused by such failure. It will be observed in the case at bar that the jury finds that the horse was killed as a result of the failure of the defendant to comply with the provisions of the statute, and this finding is clearly sustained by the evidence. In this respect, therefore, the case at bar

differs from the case of Mankey v. C., M. & St. P. R. R. Co., 14 S. D. 468, 85 N. W. 1013, in which it was held that where a horse was injured by being run into by a train between a whistling post and a crossing, and no statutory signals were given, there could be no recovery for the injury, in the absence of evidence that such failure was the cause of the injury. The court was clearly right, therefore, in denying defendant's motion to direct a verdict in its favor.

The contention of the defendant that the record discloses that the plaintiff's boy was guilty of contributory negligence is clearly untenable. The traveler on a public highway is bound only to the exercise of ordinary care and prudence, and when he approaches a railway track, and can neither hear nor see an approaching train, he is not chargeable with negligence for assuming that there is no train sufficiently near to make the crossing dangerous, when the signals required by law are not given. Ernst v. Hudson River R. R. Co., 35 N. Y. 9. In that case it was held: "The omission of a railroad company to give the signals required by the statute, on the approach of a locomotive within 80 rods of a highway crossing, is a breach of duty to the passengers, whose safety it imperils, and to the wayfarer, whom it exposes to mutilation and death. The omission of the customary signals is an assurance by the company to the traveler that no engine is approaching from either side within 80 rods of the crossing, and he may rely on such assurance, without incurring the imputation of breach of duty to a wrongdoer. The citizen on the public highway is bound only to the exercise of ordinary care, and, when he is injured by the negligence of a railroad company, it is no answer to his claim for redress that, notwithstanding the omission of the signals, he might by greater vigilance have discovered the approach of the train, if he had foreseen a violation of the statute, instead of relying upon its observance." A person may assume that a train approaching within 80 rods of the crossing will give the statutory signal, and, in the absence of such signal, such person cannot be regarded as guilty of contributory negligence by attempting to cross the track after looking and listening for an approaching train, where no statutory signal has been given. Newson v. N. Y. Cent. R. Co., 29 N. Y. 390; Johnson

v. Hudson River Ry. Co., 20 N. Y. 74; Harpell v. Curtis, 1 E. D. Smith, 78; Hegan v. Eighth Ave. R. Co., 15 N. Y. 383; Gordon v. Grand St. Ry. Co., 40 Barb. 550; Penn. Ry. Co. v. Ogier, 35 Pa. 60.

It is further contended by defendant that the court erred in its charge to the jury as follows: "And that proof is sufficient to place the burden of disproving negligence upon the defendant. The defendant, upon such proof being exhibited to you, must show you that in and about the accident in question the company was not negligent." The objection to the charge made by the counsel for the defendant is that the court failed to instruct the jury that, upon proof by the defendant that its train was properly equipped with all modern appliances and manned by an efficient crew of trainmen and that the animal was not seen by the engineer in time to stop the train or prevent the accident, the burden of proof then shifted to the plaintiff to prove actual negligence on the part of the defendant, but we are of the opinion that the court committed no error in this part of the charge. The court in its instructions to the jury had called their attention to the fact that proof of the killing raised a presumption of negligence on the part of the defendant, and made out for the plaintiff a *prima facie* case entitling him to recover, and that the burden of proof was then upon the defendant to show that it was not guilty of negligence. In this view the court was clearly correct. The proof of the killing established *prima facie* negligence on the part of the defendant, and the plaintiff's right to recover. The law then placed the burden of proof upon the defendant to establish that it was not guilty of negligence, and this evidence was subject to rebuttal by evidence on the part of the plaintiff; but the burden of proof was not shifted to plaintiff. It still remained with the defendant, and, unless the defendant established by a preponderance of evidence that it was not guilty of negligence, the plaintiff would be entitled to a verdict on his *prima facie* case. It is true that, if the defendant introduces evidence tending to show that it was not guilty of negligence, or that the accident was caused by the contributory negligence of the plaintiff, the *prima facie* case of the plaintiff might be overcome, and the plaintiff required to give evidence, in addition to the presumption, tending to prove that

the defendant was guilty of negligence which caused the accident; but, as before stated, unless the defendant's evidence preponderated over that introduced by the plaintiff, the plaintiff would still be entitled to recover upon its *prima-facie* case made by proof of the killing. The court's instructions were clearly right.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.