## MILLER v. CHICAGO & N. W. RY. CO.

In the action against a railway company for the loss of animals, while trespassing on the right of way 25 rods east of a road crossing, struck by a locomotive backing eastwardly, the presumption of negligence of the company was overcome by evidence that its engine and roadbed were in good condition, and that the conductor, engineer, and fireman were fully competent and did not see the animals.

Where plaintiff's animals were struck while trespassing upon defendant's right of way 25 rods east of a highway crossing by a locomotive backing eastwardly, the failure of defendant's employes to give statutory signals on approaching the crossing was insufficient to authorize a verdict for plaintiff; there being no evidence that the accident would have been avoided had the signals been given.

That the locomotive which struck plaintiff's animals, which were trespassing upon the track, was backing at a high rate of speed, was not evidence of the railway company's negligence.

Where, in an action against a railway company for the loss of animals struck by a locomotive while trespassing upon the track, the conductor, engineer, and fireman testified that they did not see the animals, in the absence of contradictory evidence, the jury could not disregard their testimony.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge ,

Action by Joseph Miller against the Chicago & Northwestern Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

*R. W. Stewart* and *Seward & McFarland,* for appellant.

The speed of the locomotive in a case of this character, where the animals were not killed at a crossing but were trespassing upon the right of way at a distance therefrom, is incompetent and immaterial. The fact that the defendant company had the exclusive

right to the free use of this track at the point where the animals were struck, and that the animals were trespassing, takes the case outside of that line of cases where extraordinary or unusual speed might interfere with the rights of the public, at a crossing. Shackleford's Admin. v. Louisville & Nashville Ry. Co., 84 Ky. 43, 4 Am. St. Rpts, p. 189. The alarm given at the approach of a railroad train to the crossing of a highway if for the benefit of persons on the highway at or approaching the crossing, and failure to comply with the statute will furnish no ground of complaint to a person who is injured or has trespassing stock injured on the track at a distance from the highway. Sec. 538, Civil Code, South Dakota; Atlanta & C. L. A. R. Co. v. Gravitt, 26 L. R. A. 553 (pp. 562-565); Bishop's Non-Contract Law, Sec. 446; Cooley on Torts, 659 et seq. 21 L. R. A. 723; Ill. Cent. Ry. Co. v. Phelps, 29 Ill. 447; Harty v. Central R. Co. of N. J., 42 N. Y. 468; Williams v. Chicago & Alton R. Co., 11 L. R. A. 352; Shackleford Admin. v. Louisville & N. R. Co., supra.

Case & Shurtleff, for respondent.

A statute requiring a railway company to sound its whistle, or ring its bell, was not entirely for the benefit of people, but animals as well, and if it appeared that the failure to sound the alarm at any place on its line and that in all probability the accident resulted from said neglect, then the company was liable. Borneman v. C., St. P., M. & O. R. R., 104 N. W. 208; McMaster v. the Montana Union Railway Company, 30 Pac. 268; Richmond v. Sacramento Valley Ry. Co., 18 Cal. 351; Bethea v. Raleigh and Atl. Ry. Co., 10 S. E. 1045; Prickett v. A. T. & S. F. Ry. Co., 7 Pac. 611; Miller v. C. & N. W. R. R., 13 N. W. 859; Ry. Co. v. Geiger, 58 Am. Rep. 570.

CORSON, J. This was an action instituted by the plaintiff to recover from the defendant the value of a mule and pony alleged to have been killed by the negligence of the defndant's servants and employees. Verdict and judgment being in favor of the plaintiff, the defendant appeals.

At the close of plaintiff's evidence, and also at the close of all the evidence, the defendant moved the court to direct a verdict

in its favor on the grounds, among others, that the evidence was insufficient to sustain a verdict in favor of the plaintiff, and that the plaintiff was guilty of contributory negligence. This motion was denied, and the ruling of the court denying the motion was duly excepted to. It is contended by the appellant that the court erred in this ruling, and we are of the opinion that the appellant is right in its contention. It is disclosed by the record that the following facts were undisputed: That early in the evening of the 13th of February, 1903, one of the defendant's locomotives with tender attached was backing in an eastwardly direction from Watertown to Goodwin for the purpose of pulling into Watertown a disabled passenger train, which was at the latter station; that at a short distance east of Watertown plaintiff's pony and mule were trespassing upon defendant's right of way at a distance of about 25 rods from and east of the nearest highway crossing; that they were struck by the locomotive, and died as a result of the injuries so received; and that no whistle was sounded or bell rung at a point 80 rods from or at any other point before reaching the highway crossing. After the preliminary evidence was introduced by the plaintiff as to the killing of the mule and pony, the presumption of negligence arising from such proof was clearly overcome by the evidence on the part of the defendant that its engine and roadbed were in good condition; that the conductor, engineer, and fireman were fully competent; and that neither of said persons saw the animals which were struck and injured. The only evidence offered on the part of the plaintiff in rebuttal of defendant's evidence, tending to prove negligence on the part of the employees of the defendant company, was the failure of the defendant's employees to sound the whistle or ring the bell before reaching the highway crossing; that the engine was being run at a high rate of speed, and that it was light enough so that the conductor, engineer, or fireman could have seen the animals several hundred feet away. It is insisted by the respondent that the failure of the defendant's employees to sound the whistle and ring the bell, as provided by the Code, before reaching the highway crossing, constituted such negligence as to authorize the jury to find a verdict in favor of the

plaintiff, taken in connection with the high rate of speed at which the engine was being run, but this contention is untenable.

This court had occasion to consider this question in the case of Mankey v. Railroad Company, 14 S. D. 468, 85 N. W. 1013, in which this court held that evidence of a failure to sound the whistle or ring the bell before reaching a highway crossing did not of itself constitute evidence sufficient to authorize a jury to find a verdict that the killing resulted from such failure, where the animal killed was trespassing upon defendant's right of way at a point between the whistling post and the highway crossing. In other words, the mere fact that the employees of the defendant failed to comply with the requirements of the statute did not of itself constitute sufficient evidence of negligence to authorize the jury to find that the failure to so comply was such negligence as to render the defendant liable, in the absence of proof that such failure to comply with the statute in some way resulted in the killing of the animals. And this court also had under consideration a similar question in the case of Dougherty v. Railroad Company 20 (S. D.) 104 N. W. 672. In that case the animal was killed while crossing the track on a public highway, and there was evidence tending to show that the killing resulted from the negligence of the defendant's employees in failing to sound the whistle or ring the bell, as required by the statute. The failure on the part of the railroad employees to comply with the statute is so fully discussed in those cases that we do not deem it necessary to enter upon a further discussion of the question here. The facts in the case at bar are very analogous to those stated in Mankey v. Railroad Company, supra. While it is true that the employees of the defendant neglected to sound the whistle or ring the bell, as required by the statute, there was no evidence offered from which a jury could have reasonably inferred that such failure resulted in the killing of the animals. The pony and mule killed were eastwardly from the crossing about 25 or 30 rods, and the evidence does not prove or tend to prove that, had the whistle been sounded or the bell rung, as required by the statute, the accident would have been avoided.

The contention that the high rate of speed at which the engine was run, as claimed by the plaintiff, was, under the circumstances of the case, evidence of negligence on the part of the employees of of defendant, for the reason that had the engine been run at a low rate of speed, and the whistle been sounded or the bell rung, the plaintiff might have had time to save his animals from being killed, is also untenable. No law or ordinance has been called to our attention limiting the rate of speed at which an engine may be run, and, in the absence of such a law or ordinance, the company had the right to run its engine at such a rate of speed as i· deemed necessary, consistent with the exercise of due care in the running of the same. Assuming, therefore, that the engine was being run at a high rate of speed, and for that reason the plaintiff did not have sufficient time to unhitch his team and bring away his mule and pony from the track, this fact cannot be imputed to the defendant as negligence on its part. The plaintiff knew that his animals were near the track and in danger of being injured by a passing train, which was due at about that time, and his neglect to bring them away from defendant's right of way would indicate that he himself was guilty of contributory negligence in allowing them to remain there. He had time to remove them before the engine passed along, had he acted promptly, and his failure to do so was not negligence on the part of the defendant, but his contributory negligence.

The further contention of the respondent that the conductor, engineer, or fireman did see the animals on the track, for the reason that they might have seen them, is mere conjecture, and not supported by the evidence of any facts which tend to contradict their testimony that they did not see the animals. The case at bar is clearly distinguishable from the case of Lighthouse v. Railroad Company, 3 S. D. 518, 54 N. W. 320, in which this court sustained the verdict of the jury holding that the engineer did see certain horses upon the track. notwithstanding his positive denial that he did not see them in time to prevent the injury to the animals. It was proven, however, in that case by disinterested witnesses, that the horses were running upon the track ahead of the engine for a distance of about half a mile before they were struck and injured,

and the statement of the engineer that he was looking ahead, but did not see the horses on the track in time to prevent the injury, was so improbable that the jury was justified in disregarding his evidence, and the engineer was also contradicted in that case as to other material parts of his testimony. And the case at bar is also clearly distinguishable fom Schimke v. Railroad Company, 11 S. D. 471, 78 N. W. 951, as in that case there was evidence tending to contradict the statements of the engineer, and was sufficient to require the submission of the case to the jury; and is also distinguishable from the case of Sheldon v. Railroad Company, 6 S. D. 606, 62 N. W. 955, the facts of which are very similar to those in the latter case. In the case at bar, however, there is no evidence contradicting, or tending to contradict, the statements of the conductor or fireman, and, in the absence of such contradicting evidence, the jury was not at liberty to disregard their statements.

The defendant was therefore entitled to a direction of the verdict in its favor, and the judgment of the circuit court and order denying a new trial are reversed.