Filed June 7, 1889.

---

No. 13,649.

HANNA ET AL. *v.* THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

VERDICT.—*For Defendant.*— *When Court May Direct.*—The trial court may direct a verdict for the defendant when the essential facts showing that the plaintiff has no right to recover are not controverted, or where the plaintiff's evidence, with its legitimate inferences, is insufficient to sustain a verdict in his favor.

Hanna *et al. v.* The Terre Haute and Indianapolis Railroad Company.

RAILROAD.—*Public Crossing.—Animals.—Contributory Negligence of Owner.*—
Where the owner of animals permits them to run at large, unattended,
‑ in the vicinity of a railroad crossing, he is guilty of contributory negli-
gence which will defeat an action for their negligent killing by a pass-
ing train, notwithstanding an order of the board of county commission-
ers allowing cattle to run at large.

SAME.— *When Railroad Company Not Negligent.— Wilful Injury.*—If the stat-
utory signals are given, and reasonable efforts made, in the customary
manner, to frighten away animals which are seen upon a public cross-
ing, the railroad company has done all it is required to do, so far as the
owner of the animals is concerned. To make it liable, an actual or con-
structive intent to commit the injury must be alleged and proved.

From the Montgomery Circuit Court.

*N. P. H. Proctor,* for appellants.

*J. G. Williams, W. T. Brush* and *R. B. F. Peirce,* for ap-
pellee.

MITCHELL, J.—Hanna and Goslin sued the Terre Haute
and Indianapolis Railroad Company to recover the value of
two cows, alleged to have been injured by the company's
cars. The complaint is in two paragraphs; the first counts
upon the statutory right of action, the charge being that the
animals entered upon the railroad track and were injured at
a point where the track was not securely fenced. The second
paragraph is a common law action, for negligently injuring
the plaintiff's animals. While there are some averments
which render uncertain the theory upon which the pleader
intended to rely, it is enough to say that the second paragraph
does not charge that the animals were purposely or inten-
tionally injured. *Belt R. R. Co.* v. *Mann,* 107 Ind. 89 ;
*Louisville, etc., R. W. Co.* v. *Bryan,* 107 Ind. 51 ; *Gregory*
v. *Cleveland, etc., R. R. Co.,* 112 Ind. 385.

After the evidence was closed, the plaintiffs openly dis-
claimed any right to recover upon the first paragraph of
their complaint, whereupon the court, of its own motion,
instructed the jury to return a verdict for the defendant, on
the ground that it appeared from the evidence that the plain-
tiffs were guilty of contributory negligence in permitting

their animals to run at large in the vicinity of a railroad crossing. This is complained of as error.

It is proper for the court to direct a verdict for the defendant when the essential facts showing that the plaintiff has no right to recover are not controverted, or where, taking the plaintiff's evidence and all the legitimate inferences which a jury might reasonably draw from it, it is insufficient to sustain a verdict in his favor, so that a verdict for the plaintiff, if one should be returned, would be set aside. *Gregory* v. *Cleveland, etc., R. R. Co., supra,* and cases cited.

The appellants insist that contributory negligence is no defence in cases where animals are injured in consequence of the failure of a railroad company to fence its road as the statute requires, or where the injury is purposely or wilfully committed. Both of these propositions are abundantly settled in favor of the appellants' contention, but neither of them is involved in this appeal.

As we have seen, the appellants disclaimed any right of recovery under the first paragraph of their complaint, and the second, the only one to which the evidence was applicable, notwithstanding it abounds in vituperative epithets, was merely a common law action for negligence.

The evidence shows that the animals were wandering, unattended, on a public highway, and that they went upon the railroad track within the highway limits, and were there injured by a passing train. The facts are uncontroverted that the whistle was sounded for the crossing, and that the engineer gave the alarm to frighten the animals off the track. It is not apparent, therefore, that the railroad company was guilty of any negligence. It can hardly be expected that a train approaching a highway must be stopped whenever animals are seen on the crossing. If the statutory signals have been given, and reasonable efforts made, in the customary manner, to frighten the animals away, the railroad company has discharged its duty, so far as it relates to the owner of animals which are found on a public crossing. But even if

the railroad company had been remiss in its duty, the instruction of the court was plainly right, since the uncontroverted evidence shows that the plaintiffs were guilty of contributory negligence in permitting their animals to run at large, unattended, in the vicinity of a railroad crossing.

It is quite true the animals were at large under the permission of an order of the board of commissioners, but this did not impose any new duties or additional obligations on the railroad company. The owner of the animals thus at large may not be liable as a wrong-doer for injuries done by them while on the public highways and commons, but he may not abandon them to the hazard of being injured on a railroad crossing by permitting them to roam at large in the vicinity of a crossing, or other place where the road can not be fenced, and yet recover for the injury, even though the company may also have been negligent at the time the injury was suffered. *Michigan Southern, etc., R. R. Co.* v. *Fisher,* 27 Ind. 96.

It has been decided over and over again, as stated in the head-note in *Wabash, etc., R. W. Co.* v. *Nice,* 99 Ind. 152, that one who voluntarily permits his cattle to run at large near a railroad, where it is not required to be fenced, is guilty of contributory negligence if the cattle stray upon the track and are killed by the negligent management of a train of cars passing upon the railroad. Persons who carelessly or rashly permit their animals to roam upon the track of a railroad at a place where it can not be fenced, to the peril of the lives of passengers and others lawfully using the road, can not recover if the animals are injured, unless they show an actual or constructive intent or purpose to commit the injury. Where the proof clearly shows that the conduct of the company, or of its agents and servants, was so reckless as to manifest an utter disregard for consequences, and to imply a willingness to inflict an injury which might reasonably have been avoided, after the presence of the animals upon the track was known, a recovery may be sus-

tained, under a proper complaint. Neither the complaint nor the proof makes the present such a case. *Durham* v. *Musselman*, 2 Blackf. 96.

The judgment is, therefore, affirmed, with costs.

Filed June 7, 1889.