## HEBRON *et al.* v. CHICAGO, M. & ST. P. RY. CO.

1. Where, in an action against a railroad company for negligently killing stock trespassing upon the track, the evidence, undisputed either expressly or inferentially, is that the train, then being equipped with proper appliances, in good order, and running at a rate of speed not claimed to be unreasonable, could not be stopped so as to avoid the accident between the point where it was possible for the trainmen to have discovered the stock and the place of the collision, the prima facie case of negligence, under the statute, is overcome.

2. In such case a verdict finding negligence on the part of the company is unsupported by the evidence, and a judgment upon such verdict will be reversed.

(Syllabus by the Court. Opinion filed Jan. 13, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action to recover damages for killing stock alleged to have been caused by the negligence of defendant. Plaintiff had judgment, defendant appeals. Reversed.

The facts are stated in the opinion.

*Preston & Hannett*, for appellant.

The question, whether the *prima facie* case made under the statute in actions against railroads for injuries to personal property by simply showing the injury was rebutted by the evidence of the defendant showing absence of negligence on the part of its employes, was one of law for the court. Gay v. Ry. Co., 5 Dak. 514; Huber v. Ry. Co., 6 Dak. 392; Potter v. Ry. Co., 5 Dak. 267; Volkman v. Ry. Co., 5 Dak. 69. The evidence of the defendant as to the exercise of due care and caution being undisputed, it was error for the court to refuse to direct a verdict for the defendant. Railroad v. Packwood, 7 Am. and Eng. R. R. Cases, 584; Railroad v. Turner, 19 Am. and Eng. R. R. Cases, 491; Railroad v. Harris, 9 S. E. Rep. 786; Railroad v. Smith, 7 So. Rep. 212; Penn. Co. v. Davis, 29 N. E. Rep. 425; Railroad v. Buck, 14 Bradw. Ill. 394; Senate v. Railroad, 41 Mo. Appeals, 295; Jones v. Railroad, 46 N. W. Rep. 884; Bertelson v. Railroad, 5 Dak. 313; Letcher v. Railroad, 12 Am. & Eng. R. R. Cases, 61; Eyser v. Telegraph Co., 91 U. S. 495.

The evidence shows contributory negligence on the part of plaintiff. Morton v. Stetson, 38 Am. & Eng. Railroad Cases, 316; Jones v. Railroad, 42 Wis. 306; Lawrence v. Railroad, 42 Id. 322; Richardson v. Railroad, 56 Id. 347; Carey v. Railroad, 61 Wis. 71. When the plaintiff's evidence shows contributory negligence then he cannot recover regardless of upon whom the burden of proof rests. McQuilken v. Railroad, 50 Cal. 7; Rains v. Railroad, 5 Am. & Eng. Ry. Cases, 610; Railroad v. Whitacre, 35 O. St. 627; Berry v. Railroad, 26 Am. & Eng. Ry. Cases, 396.

The cattle were trespassers upon the track of the defend-

ant and the defendant owed their owners no duty which required the persons in charge of the engine to keep a lookout ahead for animals that might be upon the track. Palmer v. Railroad, 33 N. Y. 707; Stacy v. Railroad, 43 N. W. 905; Locke v. Railroad, 15 Minn. 350; Railroad v. Ker, 12 S. W. Rep. 329; Railroad v. Shaver, 14 S. W. Rep. 864; Pierce on Railroads, 401.

*Henry C. Hinckley* and *F. Vollrath,* for respondents.

There was sufficient evidence of negligence to warrant the court to submit the case to the jury. Needham v. Railway, 37 Cal. 409; Railway v. Middlesworth, 46 Ill. 494; Railroad v. Kimbrough, Ala. 11 So. 307; Railroad v. Baker, 10 So. 211; Railroad v. Stribling, 38 Ill. App. 17; Railroad v. Jarvis, (Ala.) 10 So. 323; Railroad v. Findley, 37 Ark. 569; White v. Railroad, 2 Western, p. 593; Isbell v. Railroad, 474, 27 Conn. 393; Trow v. Railroad, 24 Ver. 494; Kerwhacker v. Railroad, 3 Ohio, 172; New Haven Steamboat & Trans. Co. v. Vanderbilt, 16 Conn. 421; Moses v. Railroad, Book 8, Lawyers' Rep. 135; Wharton Neg. Sec. 379, Note 5.

Defendants cannot prevent a recovery on the ground of contributory negligence of the plaintiff unless it be clearly shown that the accident could not have been avoided by the exercise of reasonable care. Moses v. Railroad, Book 8, L. R. A. p. 135; Railroad v. Mulligan, 45 Md. 493; Trow v. Railroad, 24 Verm. 494; Isbell v. Railroad, 27 Conn. 393; Railroad v. Finley, 37 Ark. 569. The question whether or not the cattle could have been seen before they were presents of itself a question of negligence of such a degree sufficient to send the case to the jury. Railroad v. Finley, 37 Ark. 569; W. W. White v. Railroad, 2 Western Rep. p. 593.

Servants of railroads must exercise ordinary, reasonable and proper care in the management of trains. Redfield Am. Ry. Cases, Vol. 11; Isbell v. Railroad, 474, 27 Conn. 393; Trow v. Railroad, 24 Verm. 494; Kerwhacker v. Railroad, 3 Ohio, 172; Railroad v. Elliott, 4 Ohio, 475; Steamboat & Trans. Co. v. Vanderbilt, 16 Conn. 421; Bostwick v. Railroad, 51 N. W.

51; Moses v. Railroad, Book 8, L. R. A. p. 135; Wharton Neg. Sec. 379, Note 5.

KELLAM, J. The respondents, as plaintiffs, recovered judgment against appellant for negligently killing stock; and from such judgment, and an order refusing a new trial, this appeal is taken. Neither the fact of the killing nor the value of the stock is denied. Besides other errors assigned, appellant claims that the evidence is insufficient to support the verdict. The plaintiffs proved the killing. This, under the statute, made a *prima facie* case of negligence against the company. In respect to this assignment, of course the question is whether, considering the evidence in behalf of defendant as to the care and skill with which the train and locomotive were managed, ard the rebutting evidence in behalf of plaintiffs, the *prima facie* case springing from proof of killing is overcome. It is undisputed that the accident occurred while the train was on a down grade of 40 to 50 feet to the mile. The train was an extra freight, consisting of 17 loaded and 2 empty cars, and was running, when the cattle were discovered on the track, at the rate of from 20 to 23 miles an hour. The stock were trespassers on defendant's right of way. The engineer testified that he was "about 800 or 1,000 feet" from the cattle when he discovered them on the track; the fireman says, "about 1,000 or 1,100 feet, or something like that." The engineer swears, when he first saw the cattle, he "called for brakes; reversed the engine; opened the sand lever and the throttle lever. That is all I could do." That he immediately sounded the alarm whistle to frighten the stock away. The fireman swears to the same facts, and there is no evidence in the case tending to show the statements improbable. Both the engineer and conductor testify, without qualification, that it was impossible to stop the train, after the cattle were discovered, in time to avert the accident. It appears from the testimony of both sides that, immediately before starting upon this down grade, the train had ascended

the opposite side of the rise or hill, and that the hill, until its summit was nearly reached, would obstruct the view of the descending grade down its other side, where the accident happened. There was some evidence as to the exact point on the ascending grade from which it was possible to see this stock at the place of the accident. We do not regard this evidence as very important, for the reason that the undisputed testimony of the engineer is that the train, under the conditions named, could not have been stopped in less than 2,000 feet, and no witness places the distance between the point where the cattle might have been discovered and the point of the accident as great at that. We say this was the undisputed testimony of the engineer, for it was not expressly contradicted, nor do we discover any facts in the evidence which inferentially tend to dispute it. This fact being established, the exact point from which it was physically possible to see the cattle becomes unimportant, so long as the distance between that point and the place of the accident was considerably less than would have been required to stop the train. This makes it unnecessary to consider the further question as to when negligence would be imputed to the defendant company, as against trespassing cattle, for their earlier nondiscovery, which, but for this fact, might have become an interesting question in this case. This same fact, undisputed, disposes of the conflict of evidence, if there was any, as to the activity of the brakeman, and how many brakes were set. If it were not possible to stop the train before reaching the point of the accident, then the failure to set any or all the brakes did not contribute to the injury.

Special interrogatories were submitted to the jury, as follows: "After the engineer discovered the animals on the track, could the engineer and trainmen have avoided the accident?" The jury answered, "Yes." "Could the train have been stopped by the engineer and trainmen within 1,664 feet from where the cattle were injured?" Their answer was, "Yes."

We discover no evidence in the record to sustain either of these answers; and the general verdict for the plaintiffs is, in our judgment, equally unsupported. The judgment · is reversed, and the case remanded for a new trial.