SHELDON *et al.* v. CHICAGO, M. & ST. P. RY. CO.

1. Where, in an action to recover damages for the killing of live stock, alleged to have been caused by the negligence of a railroad company, the presumption of negligence arising from the killing is overcome by the evidence on the part of the defendant, but the testimony on the part of the plaintiff in rebuttal raises a material conflict in the evidence as to the negligence of the company in fact, the case was properly submitted to the jury, and a motion to direct a verdict for the defendant was properly denied.

2. Evidence on the part of the plaintiff, in rebuttal, tending to prove the distance the engineer could have seen live stock on the railroad track at the time of the alleged killing, was competent, and the court committed no error in admitting the same.

(Syllabus by the court.   Opinion filed April 13, 1895.)

Appeal from circuit court, Lake county.   Hon. FRANK R. AIKENS, Judge.

Action by H. Eugene Sheldon and others against the Chicago, Milwaukee & St. Paul Railway Company to recover the value of certain live stock killed by the alleged negligence of defendant.   Plaintiffs had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*George R. Farmer* and *Winsor & Kittredge,* for appellant.

Although its employes omitted to exercise due diligence and care, a railroad will not be liable unless it appears that such diligence and care would have prevented the accident.   1 Thompson, Negl. 496; Railway v. Tate, 12 S. 333; Hebron v. Railroad, 57 N. W. 494.   A railway is not liable for injury to stock when they come suddenly upon the tracks and there is not time to stop the train before it strikes them.   Pierce on Railroads, 407; Railway v. Bradfield, 63 Ill. 220; Davis v. Railroad, 46 Mo. App. 477.

A railroad engineer is not required to keep a lookout for animals trespassing upon the track.   Palmer v. Railroad, 33 N. W. 707; Stacy v. Railroad, 43 N. W. 909; Locke v. Railroad,

15 Minn. 350; Railroad v. Ker, 12 S. W. 329; Pierce on Railroads, 401; Railway v. Bush, 101 Ind. 583; Zehuer v. Kepler, 16 Ind. 290; Thompson Trials, Sec. 2354; Beck v. Cole, 16 Wis. 96.

*Murray & Porter,* for respondent.

A bill of exceptions should specify the particular errors upon which the party will rely. Code Civ. Proc. Sec. 5090; Holcomb v. Keliher, 54 N. W. 535; 3 S. D. 497; Illsted v. Anderson, 49 N. W. 659; Franz v. Mielenz, 5 Dak. 136; St. Croix v. Pennington, 11 N. W. 497; Burns v. Phinney, 55 N. W. 540.

CORSON, P. J. The complaint was in the usual form, alleging gross negligence on the part of the defendant in killing plaintiff's live stock. The answer was a general denial, except as to the due incorporation of the defendant, which was admitted. Upon the trial the plaintiffs proved the killing of certain live stock belonging to them by the defendant's locomotive engine, and rested. Thereupon the defendant introduced a number of witnesses, who testified to facts tending to prove that the defendant had used all reasonable care to prevent the injury to plaintiffs' stock, overcoming the presumption of negligence on the part of the defendant for the killing. The plaintiffs thereupon introduced three witnesses, whose evidence contradicted the evidence for the defendant.

The principal error assigned and discussed in appellant's brief is that the trial court erred in denying defendant's motion, made at the close of the evidence, that the court direct a verdict for the defendant. The motion was made upon the following grounds: "First, because the undisputed evidence, as a matter of law, disproves any negligence on the part of the defendant; and, second, because there is no evidence of negligence sufficient to support a verdict against the defendant." It appears from the evidence that the plaintiffs' live stock, the value of which this action is brought to recover, was killed in the daytime, by an engine drawing a freight train consisting of

16 loaded cars and a caboose car, and was running at a speed of about 25 miles per hour on a down grade. It is contended by the defendant that, as it proved by undisputed evidence that its engine, train, brakes, and machinery were in good order, that it had the usual number of brakemen and trainmen, and its engineer having testified that the train could not have been stopped after he saw the animals in time to prevent the injury, and that every effort possible was made to stop the train, the defendant was entitled to a verdict; and the counsel insist that the case comes within the principle of the decision in the case of Hebron v. Railroad Co. (S. D.) 57 N. W. 494. But we cannot agree with counsel in this contention. While the evidence of the engineer is quite positive, and he is corroborated to some extent by the brakemen and other persons, his evidence, as well as that of the brakemen and others, was contradicted in many important and material respects by the witnesses on the part of the plaintiffs. The engineer testified that the animals came upon the track about the time they were struck by the engine. The witnesses for plaintiffs testified that they had been running along the track for some distance before the train reached them. The engineer and brakemen testified that immediately upon the first call of the whistle for brakes, the brakemen went upon the cars and set the brakes. The evidence of the engineer and brakemen is contradicted by the witnesses on the part of the plaintiffs, who testified that the train was in full view of the witnesses for a long distance before the animals were struck, and that no brakemen appeared upon the train or set any brakes. The engineer testified that all that was possible to be done was done to stop the train, but the evidence of plaintiffs' witnesses tended to prove that nothing was done, and no effort made in the way of setting brakes or stopping the train. The engineer did not state how far the animals were ahead of the train when he first saw them, but it was shown by the plaintiffs' witnesses that he could have seen the animals on the track for a distance of a mile and one-half

before reaching them. If the jury believed the evidence of the witnesses for the plaintiffs, and were satisfied that the animals were upon the track when the engineer first saw them, that no effort was made to stop the train by setting the brakes, and that the engineer saw the animals in time to have stopped the train before it reached them, or been able by reasonable efforts to avoid the injury, they were justified in finding a verdict for the plaintiffs, notwithstanding the very positive evidence of the engineer and brakemen. In our opinion, this case comes clearly within the principles laid down in Lighthouse v. Railroad Co. (S. D.) 54 N. W. 320, and must be ruled by that case. The ruling of the court, therefore, in denying defendant's motion, was clearly correct, and the case was properly submitted to the jury.

It is further contended that the court erred in admitting evidence as to the distance the animals could have been seen in the daytime on the track in the vicinity of the accident. But we are of the opinion that this evidence was properly admitted. Had the engineer stated how far the animals were ahead of the train when he first saw them, it would not have been conclusive upon the jury. They had a right to consider all the facts and circumstances tending to show that the engineer saw the animals sooner than his testimony would seem to indicate; and important, among these facts, would be the character of the track, the distance that objects could be seen thereon, the time of day, etc. While the engineer and trainmen are not required to be on the lookout for trespassing animals on the track, it is, nevertheless, the duty of the engineer, as soon as he discovers animals on the track, to use all reasonable efforts to prevent injury to them. Lighthouse v. Railroad Co., *supra*; Harrison v. Railroad Co. (S. D.) 60 N. W. 405. Hence, evidence of the distance that objects could be seen along the track in the vicinity of the accident might be very material in determining the question of whether or not the engineer saw the stock in

time to have avoided the injury by proper care. Finding no error in the record, the judgment is affirmed.

KELLAM, J. I concur in the affirmance of this judgment reluctantly, for I am satisfied that the verdict of the jury was plainly against the weight of the evidence; and, upon the record before us, ought to have been the other way. The question of the whistle call for brakes and the activity of the brakemen does not rest upon the evidence of the company's employes alone. Two other witnesses, apparently entirely disinterested, and with unquestioned facilities for observation, testified to the call for brakes and the prompt response of the brakemen. Against this was the testimony of two witnesses (one a boy 11 years old at the time) that, though looking at the train, and hearing the whistle, "no brakemen came out." I cannot say with sufficient confidence to vote for a reversal that the court erred in not giving the defendant a verdict, though I think the jury ought.