## HUTCHINSON v. CHICAGO, M. & ST. P. RY. CO.

1. In an action for the value of stock killed by a railroad train, where the evidence was conflicting as to whether the engineer had turned off the steam and tried to stop the train after the cattle were in view, the question of negligence was for the jury.

2. The owner of live stock who allows them to graze near railroad tracks while in charge of a girl 14 years old is not guilty of contributory negligence as a matter of law.

(Opinion filed June 24, 1896.)

Appeal from circuit court, Grant county. Hon. J. O. AN DREWS, Judge.

Action to recover the value of live stock alleged to have been killed by the negligence of defendant. Plaintiff had judgment, defendant appeals. Affirmed.

The facts are stated in the opinion.

*John W. Bell (H. H. Field*, of counsel), for appellant.

This case is so nearly in line with Hebron v. C., M. & St. P. Ry. Co., 4 S. D. 538, 57 N. W. 494, and Harrison v. Ry. Co., 6 S. D. 100, 60 N. W. 405, that further citation of authorities upon the general questions involved seems unnecessary.

*Thomas L. Bouck*, for respondent.

Appellant is not in a situation to present the matter of the sufficiency of the evidence, for the reason that neither in the notice of intention to move for a new trial, nor in the bill of ex-

ceptions, is there any statement showing wherein the evidence is insufficient. Pierce v. Manning, 2 S. D. 517; Holcomb v. Keliher, 3 S. D. 497; Register Co. v. Pfister, 5 S. D. 143, 58 N. W. 270; Billingsley v. Hiles, 6 S. D. 445; Henry v. Dean, 6 Dak. 78; Illstad v. Anderson (N. D.), 49 N. W. 659. The only question is as to whether or not the train could have been stopped and the injury prevented. It was for the jury to determine who to believe and how to decide from the evidence presented. Lighthouse v. C., M. & St. P. Ry. Co., 3 S. D. 518; Sweet v. C., M. & St. P. Ry. Co., 6 S. D. 281; Sheldon v. C., M. & St. P. Ry. Co., 62 N. W. 955; Bishop v. C., M. & St. P. Ry. Co. (N. D.), 62 N. W. 605; T. P. & W. R. W. Co. v. Bray, 57 Ill. 514; T. P. & W. R. W. Co. v. Ingraham, 58 Ill. 120. There was no contributory negligence in this case. The jury being correctly instructed, it was for them to say whether or not there was contributory negligence. Bates v. F. E. & M. V. R. R. Co., 4 S. D. 394, 57 N. W. 72; Dobiecki v. Sharp, 88 N. Y. 203; Archer v. N. Y., N. H. & H. R. R. Co., 106 N. Y. 589; Courson v. C., M. & St. P. Ry. Co. (Iowa), 32 N. W. 8; Williams v. N. P. Ry. Co., 3 Dak. 168.

CORSON, P. J. This was an action to recover the value of certain live stock, alleged to have been killed by the negligence of the defendant. Judgment for plaintiff, and the defendant appeals.

Plaintiff made out a *prima facie* case by proof that his stock was killed by the train of the defendant, one steer being killed in October, and the other animals in November, 1892. The defendant, to rebut the presumption of negligence arising from the killing of the live stock in November, and to disprove negligence on its part, called as witnesses its engineer, conductor and two brakemen, in charge of the train of the defendant at the time of the accident in November. The evidence of these witnesses tended to prove that the train that ran into plaintiff's stock was a "special" comprising engine, two freight cars, and

a caboose car, and was running at a speed of from 25 to 30 miles per hour, on an upgrade of about 70 feet to the mile. The evidence further tended to prove that engine, track and train, generally, were in first-class condition, and that the engineer and train hands did all possible to stop the train after the cattle were discovered upon the track. It may be said, generally, that the evidence, uncontradicted, was sufficient to rebut the presumption of negligence arising from the proof of the killing, and to disprove negligence on the part of the defendant. But evidence was introduced on the part of the plaintiff, in rebuttal of defendant's evidence, that tended to disprove the fact that efforts were made to stop the train after the cattle were discovered on the track, sufficient to raise a substantial conflict in the evidence as to this question. The engineer testified (and he was the only witness on the part of defendant who testified as to the distance) that the train was within 300 or 400 feet of the cattle when he saw them and sounded the alarm whistle. But the witnesses for plaintiff testified that it was 840 feet from the crossing where the cattle were at the time of the accident when the whistle was first sounded. Again, the engineer testified that he shut off steam and made every effort to stop the train. But plaintiff's witnesses who were watching the train, testify that the steam was not shut off, that no effort was made by the engineer to stop the train until after the cattle were killed, and that the train ran on after the alarm whistle was sounded just as it had been running prior thereto. If the jury believed plaintiff's witnesses, we cannot say they would not have been justified in finding that the defendant was guilty of negligence. Hence, the court very properly refused to grant defendant's motion to direct a verdict in its favor. The evidence being conflicting upon the question of actual negligence, the case comes clearly within the law as laid down in Sheldon v. Railway Co. (S. D.), 62 N. W. 955, and must be ruled by that case.

The appellant further contends that the plaintiff was guilty of contributory negligence, and therefore cannot recover in

this action.    But we fail to discover sufficient evidence of contributory negligence to make the question one of law.    The plaintiff's live stock was grazing near the defendant's railway track in charge of plaintiff's daughter, about 14 years of age. The plaintiff himself was engaged in threshing at about 70 rods from the place of the accident at the time it occurred.    He saw, it is true, the train approaching, and knew his stock was grazing near the railway track, in charge of his daughter; but his stock at the time was not upon the track, and did not go upon it until about the time the accident occurred.    Whether or not the plaintiff was required to leave his threshing and look after his stock when he saw the train approaching, or whether or not he was justified, as a reasonably prudent man, in leaving them in charge of his young daughter, were proper questions for the jury.    The question of plaintiff's contributory negligence was very fully and fairly submitted to the jury by the learned court, and their verdict upon that question is conclusive upon this court in this case.

As to the steer killed in October there does not seem to be any serious controversy, as the defendant introduced no evidence tending to rebut the presumption arising from the killing of that steer.    Finding no error in the record, the judgment of the circuit court is affirmed.