## SINKLING v. ILLINOIS CENTRAL RAILWAY CO.

1. An appeal from an order denying a new trial before the order is entered is ineffectual, and no question on the sufficiency of the evidence to justify the verdict is presented for review.

2. In determining the sufficiency of a complaint in a justice court, under Comp. Laws, § 6058, providing that pleadings in such court shall be

such as to enable one of common understanding to know their intent, the oral complaint entered on the docket may be construed with the written answer.

3. Though the statutory imputation of negligence was clearly overcome, so that a verdict should have been directed for defendant, the appellate court will examine the assignment of error. in refusing to instruct on contributory negligence.

4. Where one turned his horse loose on his premises, which were in unobstructed proximity to a railroad track, shortly before the time when a train was daily accustomed to pass, the question of contributory negligence should have been submitted to the jury. HANEY, J. concurring in result.

(Opinion filed April 5, 1898.)

Appeal from county court, Minnehaha county. Hon. W. A. WILKES, Judge.

Damages.   Plaintiff recovered judgment in a justice's court, and defendant appealed to the county court, where a trial *de novo* was had and plaintiff again had judgment.   Defendant appeals.   Reversed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees*, for appellant.

The question of contributory negligence should have been submitted to the jury.   Trow v. Railroad, 24 Vt. 487; Carey v. Railroad, 61 Wis. 71; Tower v. Railroad, 2 R. I. 404; Niemann v. Railroad, 80 Mich. 197; Hanna v. Railroad, 119 Ind. 316; 1 Rap. & Mack's Dig. Ry. Law, 208-236.

*Joe Kirby* and *F. L. Rowland*, for respondent.

An appeal will not lie from an order until it has been entered.   State v. Lamm, 9 S. D. 418, 69 N. W. 592.   There being no appeal from the order denying motion for new trial, the appeal stands as one from a judgment alone, and the court will not review the question of the sufficiency of the evidence to support the verdict.   Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Evenson v. Webster, 3 S. D. 382, 53 Id. 747.

FULLER, J.   This action, to recover the value of a horse owned by plaintiff's assignor, and which was killed April 5,

1896, on the defendant's right of way by a passenger train, was instituted and tried in justice court, resulting in a judgment for plaintiff, from which the defendant appealed to the county court, where judgment for plaintiff was again obtained, and the defendant appeals to this court. A preliminary motion is interposed to dismiss the appeal both from the judgment and the order overruling the application for a new trial but the only point possessing any merit or worthy of consideration is that the order, made after the entry of judgment, denying a new trial, was not entered before the appeal therefrom was attempted. It appearing affirmatively from the record before us that such is the case, we conclude, upon the authority of State v. Lamm, 9 S. D. 418, 69 N. W. 592, that no appeal from said order has been legally taken, and that no question as to the sufficiency of the evidence to justify the verdict is before us for review. Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Gade v. Collins, 8 S. D. 322, 66 N. W. 466.

At the trial on appeal to the county court, appellant objected for the first time to the introduction of any evidence, for the reason that the complaint does not state facts sufficient to constitute a cause for action, and the overruling of such objection is urged as reversible error. No claim is made that the summons does not contain, as provided by Subd. 2 of Sec. 6053 of the Comp. Laws, "a sufficient statement of the cause of action, in general terms to apprise the defendant of the nature of the claim against him;" and we find that part of the oral complaint entered in the docket of the justice of the peace, as the substance thereof, sufficient, when construed with the written answer, "to enable a person of common understanding to know what was intended," thus substantially meeting the requirements of Sec. 6058, Kelsey v. Railway Co., 1 S. D. 80, 45 N. W. 204.

Both respondent's premises and appellant's right of way were uninclosed, and, though not at a crossing, no claim is made that appellant was required to fence at the point where

the horse, while trespassing, was struck and killed by a passing engine; this constituting *prima facie* evidence of negligence on the part of the railroad company. Comp. Laws, §§ 5501, 5569. Although the statutory imputation of negligence was clearly overcome by the uncontroverted testimony of appellant's employes, showing that the killing of the horse was unavoidable in the skillful exercise of due care in the operation of a properly equipped passenger train, running at a proper rate of speed, and that the motion to direct a verdict for defendant ought to have been sustained, we will proceed to examine the assignment of error based upon the refusal of the court to instruct the jury upon the question of contributory negligence. Hebron v. Railroad Co., 4 S. D. 538, 57 N. W. 494; Harrison v. Railroad Co., 6 S. D. 100, 60 N. W. 405.

Hans Sinkling, the owner of the horse, and assignor of the claims for damages, testified on behalf of respondent as follows: "My barn was pretty nearly three hundred feet north from the railroad track. The well where I got water stands between the barn and the house. The house stands about 250 feet from the railroad track. I took the horses out of the barn, and gave them water. It was about half an hour before the horse was killed. I gave them water, and the horses ran up there, I suppose. I didn't see that. I gave them water, and left them out. I let both horses run loose. I went into the house. The house is pretty nearly fifty feet from the barn, and is closer to the railroad. I didn't see anybody around the barn after I went away. There was nobody there watching the horses. I sometimes let the horses run loose there before. They had halters on. I tied their halters up around their necks. I left them loose, gave them water, and went into the house. There is no road crossing the track at that place. The track is higher than my house; about ten feet, I believe. There is no fence around my place, and no fence on the railroad track. I have lived there nine years. The railroad track was just building the winter I came there. Since then there

has been a passenger train going down the road every day about the same time in the afternoon. I knew that there were trains going by there pretty nearly every day. The train that killed the horse was going east.'' During all these years the witness had continuously resided in unobstructed proximity to appellant's right of way, over which this fast-flying passenger train—a danger signal in itself—had run each afternoon just a few moments later than the time when he turned his horse loose upon the premises, within a few feet of the railroad, and went into his house, leaving a dumb animal to trespass upon the track, and endanger human life, with the safety of which the engineer, measurably, stood charged.

Viewed in the light most favorable to respondent, fair-minded and reasonably intelligent men might draw different conclusions from the evidence as to contributory negligence; and the question ought to have been submitted to the jury, under proper instruction. Hutchinson v. Railway Co., 9 S. D. 5, 67 N. W. 853; Hodgins v. Railroad Co., 3 N. D. 382, 56 N. W. 139; Bishop v. Railway Co., 4 N. D. 536, 62 N. W. 605. In Maynard v. Railroad Co., 115 Mass. 458, the court says: "If a horse, while trespassing upon the track of a railroad corporation, is killed by a locomotive engine, the corporation is not liable, unless the injury was caused by the wanton and reckless misconduct of its agents; and it is not enough to show that they carelessly ran over the horse, and did not use reasonable care to avoid him." From Curry v. Railway Co., 43 Wis. 665, we quote: "Plaintiff, living about three-fourths of a mile from defendant's track, which he knew to be unfenced, permitted his cow to pasture in summer (presumably with other cattle) on a large tract of uninclosed grass land, extending from the neighborhood of his residence to the track; and she passed upon the track from said land, and was injured. Held that, upon these facts, the question of contributory negligence, being open to doubt and debate, was for the jury." To the same effect, see Nienmann v. Railroad Co., 80 Mich. 197, 44 N. W.

1049; .Munger v. Railroad Co., 4 N. Y. 349; Hanna v. Railroad Co., 119 Ind. 316, 21 N. E. 903, in which it is said: "Where the owner of animals permits them to run at large, unattended, in the vicinity of a railroad crossing, he is guilty of contributory negligence, which will defeat an action for their negligent killing by a passing train, notwithstanding an order of the board of county commissioners allowing cattle to run at large." In the case of Tower v. Railroad Co., 2 R. I. 404, a cow was permitted to stray from uninclosed land upon defendant's unfenced right of way, where she was killed by a passing train. A judgment for plaintiff for her value was reversed, for the sole reason that the court instructed the jury that, "if the cow was killed by the neglect of the defendant to use ordinary care and skill in the common and ordinary use of the lands for railroad purposes, then the defendant would be liable to the owner for damages." At common law, and under statutes prohibiting live stock from trespassing upon the land of another, the primary purpose of a fence is to keep such property in and upon the premises of the owner, and not to keep out live stock belonging to some other person. Even where the company was required to maintain suitable fence, and had wholly neglected to build, it was exonerated from liability because the ommission was but the remote occasion of the loss, while the immediate cause was due to the fact that live stock was needlessly allowed to stray upon the track. Nelson v. Railway Co., (Minn.) 14 N. W. 360; Railroad Co. v. Munger, 5 Denio 255 Trow v. Railway Co., 24 Vt. 487; Carey v. Railway Co., 61 Wis. 71, 20 N. W. 648. When the owner had a right to allow his cattle to run at large in this jurisdiction, it was held that he could not recover for animals killed by a passing train, "unless the injury was occasioned by wanton or reekless misconduct of defendant or its employes." Williams v. Railroad Co., 3 Dak. 168, 14 N. W. 97. In Volkman v. Railway Co., 5 Dak. 69, 37 N. W. 731, it was held that respondent, being guilty of contributory negligence, could not recover without showing to

the satisfaction of the jury that appellant was grossly negligent. In this case we go only to the extent of deciding that there was testimony of contributory negligence, concerning the force and effect of which the jury should have been instructed; and, the court having failed to submit such evidence to the jury, the judgment appealed from is reversed, and a new trial ordered.

HANEY, J. (concurring specially.) The judgment of the county court should be reversed. Its ruling on defendant's motion to direct a verdict was an error at law, occurring at the trial, and duly excepted to, which may be reviewed in this court when presented by a proper bill of exceptions or statement, on appeal from the judgment alone. Mercantile Co. v. Faris, 5 S. D. 348, 58 N. W. 813; Id. 6 S. D. 113, 60 N. W. 403. This case differs from Sheldon v. Railway Co., 6 S. D. 606, 62 N. W. 955, and Lighthouse v. Railway Co., 3 S. D. 518, 54 N. W. 320, in that there is no evidence whatever, direct or circumstantial, which in any manner conflicts with or tends to contradict the engineer's positive statement that the train could not have been stopped after the injured animal was discovered, and before it was thrown from the track. It comes clearly within the rules announced in Hebron v. Railway Co., 4 S. D. 538, 57 N. W. 494, and Harrison v. Railway Co., 6 S. D. 100, 60 N. W. 405. Regarding the question of contributory negligence as eliminated by the exceptionally clear and able charge of the learned county judge, I dissent from the conclusions of my associates upon that subject.