## Keilbach v. Chicago, Milwaukee & St. Paul Railway.

The statutory presumption of negligence from the killing of an animal on the track is rebutted, and a verdict for defendant should be directed, where the uncontradicted evidence shows that such animal was not on a crossing, and was not seen by the persons in charge of the train until such train, which was properly equipped and running at lawful speed, could not be stopped in time to avoid the accident.

Haney, J., dissenting.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Hutchinson county. Hon. E. G. Smith, Judge.

Action to recover damages for killing a calf. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*J. L. Hannett,* for appellant.

The undisputed evidence fully rebuts the presumption of negligence created by the statute, and a question of law arises,

to be passed upon by the court.   Gay v. Railroad, 5 Dak, 514; 41 N. W. 757, Huber v. Railroad, 6 Dak. 392; 43 N. W. 819; Volkman v. Railroad, 5 Dak. 69; 37 N. W. 731; Hebron v. Railroad, 4 S. D. 538; 57 N. W. 494; Harrison v. Railroad, 6 S. D. 100; 60 N. W. 405.

*W. J. Hooper*, for respondent.

The mere fact that the engineer and fireman have sworn that they did not see the cattle until they were 30 or 60 rods from the place of the accident is not conclusive.   Sheldon v. Railroad, 6 S. D. 606, 609; 62 N. W. 955.

FULLER, J.   To recover the value of a calf killed by a passing freight train, this action was commenced and prosecuted to a judgment in favor of plaintiff, from which the defendant appeals.

Upon the theory that the statutory imputation of negligence arising from the fact that the calf was killed by the train had been clearly overcome by uncontroverted testimony, a motion was interposed, when both sides had rested, for the direction of a verdict in favor of appellant, and its assignment of error relating to the denial of such motion presents the only essentially important point, and requires a careful examination of the evidence.   The engineer testified, in effect, that on account of a left-hand curve 80 rods in length, and his position on the right-hand side of the cab (being his proper post while on duty), he was unable to see the calf approaching the track at a greater distance than 30 rods; but it was observed on the right of way when 60 rods distant by his fireman, who was stationed on the opposite side of the cab, whereupon he shut off his engine, set the brake on the tank, and whistled for brakes,

thereby reducing the rate of speed from 30 to 18 miles an hour before the calf was struck; and that at the rate he was running when 60 rods from the calf, it would have been absolutely impossible to stop the train and avoid the accident. Respondent in his own behalf, testified that the train was between 200 and 300 yards away when the calf went upon the track, while all of appellant's witnesses estimate the distance at 30 rods, and the fact that it would require about twice that space within which to stop the train, by the use of every approved means and appliance, stands proved by evidence that repels every contrary inference. If all that skilful operators could do in the exercise of reasonable care in the management of a properly equipped train, running at an authorized rate of speed, could not have averted the accident, it cannot be said that the loss was the result of appellant's negligence. Hebron v. Railway Co., 4 S. D. 538, 57 N. W. 494. It is not the engineer's duty to keep a lookout for trespassing animals, and the use of reasonable care to prevent injury after they are discovered upon the track is all that the law of this state requires. Harrison v. Railway Co., 6 S. D. 100, 60 N. W. 405. Such being the law, a motion to direct a verdict upon the undisputed facts above mentioned ought to prevail. The judgment appealed from is reversed, and the case remanded for a new trial.

HANEY, J., dissenting.