SCHIMKE V. CHICAGO, MILWAUKEE & ST. PAUL R'Y. CO.

In an action to recover for stock killed by a train, the engineer testified that
   he saw the cattle when half a mile away; that one came on the track 40
   rods ahead of the engine, and he whistled for brakes, and the speed
   was reduced from 30 to 10 miles an hour before the cattle were struck,
   and it was not possible to stop the train after he whistled for brakes,
   before the accident. A brakeman testified that he heard the call for
   brakes 40 rods from the point of accident, and set six brakes, and the
   other brakeman set the rest. Two witnesses for plaintiff testified that
   they stood a quarter of a mile from the track, and saw the train a mile
   away; that the whistle was blowing, and the cattle ran ahead of the en-
   gine 70 rods before they were struck; that none of the brakes were set;
   that there were no men on the cars, and there was no decrease of speed.
   *Held*, that the question of the company's negligence was properly sub-
   mitted to the jury.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Hutchinson county. Hon. E.
G. SMITH, Judge.

Action to recover damages for killing stock. Plaintiff had
judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*J. L. Hannett*, for appellant.

The evidence fully rebuts the presumption of negligence
created by the statute, and there was no evidence which would
justify the court in submitting the question of negligence to
the jury. Gay v. Railroad, 5 Dak. 514, 41 N. W. 757; Huber v.
Railroad, 6 Dak. 392, 43 N. W. 819; Volkman v. Railroad, 5
Dak. 69, 37 N. W. 731; Hebron v. Railroad, 4 S. D. 538, 57 N.
W. 494; Harrison v. Railroad, 6 S. D. 100, 60 N. W. 405.

The company had the right to presume there were no tres-
passing animals on its right of way. Lighthouse v. Railroad,

3 S. D. 518, 54 N. W. 320; Harrison v. Railroad, 6 S. D. 100, 60 N. W. 405.

*W. J. Hooper*, for respondent.

There being a material conflict in the testimony as to the negligence of defendant, the question was properly submitted to the jury. Sheldon v. Railroad, 6 S. D. 606, 62 N. W. 955; Lighthouse v. Railroad, 3 S. D. 518, 54 N. W. 320; Bennett v. Railroad, 8 S. D. 394, 66 N. W. 934; Hutchinson v. Railroad, 9 S. D. 5, 67 N. W. 853.

FULLER, J. Plaintiff had judgment in this action to recover the value of certin cattle killed, and damages for injury to others, occasioned by a passing freight train; and the defendant appeals.

While admitting that respondent sustained the damages made the basis of his claim, counsel for appellant contends that the undisputed evidence rebuts the presumption of negligence created by the statute, and that his motion for the direction of a verdict should have been sustained. The case was one for the jury, if all the testimony introduced at the trial bearing upon the question of negligence presented a material conflict of evidence, so that different, impartial minds might reasonably reach different conclusions; and in that event the question was rightfully determined. Sheldon v. Railway Co., 6 S. D. 606, 62 N. W. 955; Hutchinson v. Railway Co., 9 S. D. 5, 67 N. W. 853. The accident occurred in day-time, at a place unobstructed and according to appellant's witnesses, open to the view of the approaching engineer and trainmen for a distance of at least one-half mile. The engineer testified that he saw the cattle on the right of way when about one-half mile from them, and that

the first one came directly upon the track about 40 rods ahead of the engine, when he blew the stock alarm and whistled for brakes; that the train was late, and running about 30 miles an hour, when the cattle were first seen, and that by app,ying the brakes the rate of speed was reduced to 10 miles an hour when. the accident took place, and that it was not possible to stop the train from the time he whistled for brakes until the cattle were struck. One of the brakemen testified, in part, as follows: ''I remember hearing the call for brakes. It was about forty rods from the point of accident when I heard the brakes called for. When I heard the brakes called for, I went on top. It would probably take a brakeman about ten seconds to come from his place in the caboose and get on top of a car and set a brake. The train was running about 30 miles an hour at that time. We set all the. brakes that time. I set six. I met the hind brakeman in about the middle of the train. It would take the head brakeman about half a minute to come from the engine and get upon the car and set brakes.'' Two of respondents witnesses testified, in substance, that, while standing but one-quarter of a mile from the railroad, they observed the cattle upon the track, and at the same time saw the moving train 1 mile away. The whistle was blowing continually, and cattle ran upon the track ahead of the engine some 70 rods before they were overtaken; that none of the brakes were set, nor were there any men on top of the cars, and there was no difference in the rate of speed from the time they first saw the train until cattle were struck. The foregoing, together with other competent testimony controverting that of the trainmen, and tending strongly to justify an inference of their negligence, was very properly admitted for the consideration of the jury,

under instructions of which appellant has no just cause to complain.

From a careful consideration of all the remaining points raised at the trial by counsel for appellant, and discussed in his brief, we are convinced that the record presents no reversible error; and the judgment appealed from is affirmed.